493 P.2d 300

**Guy KIMBALL, Plaintiff and Appellant,**

v.

**Kenneth L. KINGSBURY and Kathleen Kingsbury, his wife, Defendants, Third-Party Plaintiffs and Appellants,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Nationwide Mutual Fire Insurance Company, Third-Party Defendant and Respondents.**

**No. 12422.**

Supreme Court of Utah.

Jan. 28, 1972.

Thomas R. Blonquist, Boyd M. Fullmer, Salt Lake City, for appellant.

Worsley, Snow & Christensen, Raymond S. Berry, Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a judgment of no cause of action by Kingsburys against Nationwide Mutual in a case tried to the court, based on a claim under an insurance policy for personal injury and property damage. Affirmed with costs to Nationwide.

There was no transcript of evidence and the case is here on the pleadings, the policy terms, admissions and Findings of Facts, which were as follows:

On October 8, 1968, Kathleen Kingsbury and plaintiff Kimball were in an auto accident. The premium on the policy was payable on the 26th day of each month.

A past due notice was mailed on October 1, normally deliverable in Salt Lake City on October 4th. The September 26 payment was not made within 10 days of the due date. The policy called for cancellation, if this was not accomplished. A check executed and mailed on October 7th was postmarked October 8 and received by Nationwide on October 11th.

It is obvious that at the time of the collision the policy had lapsed and there was no coverage. We hold, as the trial court did, that there was no waiver of payment on the due date or date of grace, that the terms of the policy were clear and that Nationwide cannot be held by depositing the check afer receipt thereof on an apparent reinstatement basis.

CALLISTER, C. J. and ELLETT, TUCKETT, and CROCKETT, JJ., concur.