Richard LAKE, Respondent,

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY OF MISSOURI, Appellant.**

No. 42791.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 23, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 16, 1981.

Application to Transfer Denied
Dec. 14, 1981.

Stephen D. Hoyne, St. Louis, for appellant.

Marion Wasinger, Hannibal, for respondent.

CRIST, Presiding Judge.

Suit on a fire insurance policy. Appellant insurance company (hereinafter "Farm Bureau") insured respondent-insured (hereinafter "insured") against fire loss of his barn ($9,000), tractor ($4,000) and hay ($500). Fire subsequently destroyed those items and Farm Bureau refused to pay the loss. We affirm in part and deny in part.

Insured filed suit in the circuit court by petition which alleged the issuance of the fire insurance policy, payment of the renewal premium by check dated June 24, 1977, and loss of the above described items by fire on June 25, 1977. Farm Bureau's response admitted issuance of the fire policy but was otherwise a general denial. Trial began on February 21, 1980, with insured objecting on voir dire to any reference by Farm Bureau to the lapse/forfeiture of the policy due to late payment of the renewal premium, an affirmative defense not pleaded by Farm Bureau. Farm Bureau claimed it was not liable for the loss because insured mailed his renewal premium after the fire, and after the expiration date of the policy. Insured said the policy continued in effect because Farm Bureau accepted payment without imposing any conditions. The trial court sustained insured's objection to the admission of any testimony pertaining to lapse/forfeiture.

Thereafter, Farm Bureau was prevented from any mention of the lapse/forfeiture

argument during its opening statement, and its request to amend its answer to allege lapse/forfeiture was denied.

The trial court directed a $13,500 verdict for insured at the close of plaintiff's evidence, the full value of the policy coverage. Farm Bureau appeals, and in its points relied on claims the trial court erroneously prohibited it from demonstrating the policy was not in effect at the time of the fire. Farm Bureau wanted to show its policy coverage ended at noon on June 25, 1977; a fire occurred on June 25, 1977, but in the afternoon; Farm Bureau received a check dated June 24, 1977 from insured on June 28, 1977 in an envelope postmarked June 27, 1977; Farm Bureau negotiated the check on June 29, 1977, and there was no coverage under the policy from noon on June 25, 1977 through June 27, 1977. The trial court denied Farm Bureau the opportunity to demonstrate the foregoing ·because Farm Bureau failed to affirmatively plead the defense of lapse/forfeiture.

■ A directed verdict is a drastic measure, and a motion therefor should only be granted when all the evidence and reasonable inferences to be drawn therefrom are so strongly in favor of the moving party there is no room for reasonable minds to differ. *Crouse v. Burkemper*, 593 S.W.2d 234, 235 (Mo.App. 1979).

■ The question presented by Farm Bureau in its points relied on is the legal effect of Farm Bureau's failure to plead lapse/forfeiture. Farm Bureau admits in its brief that, "[i]f this were a continuing policy, the defense of non-payment . . . and resulting lapse . . . would be an affirmative defense." Thus, the dispositive issue is whether or not the fire policy issued by Farm Bureau was a continuing policy. Both parties concede that the policy was renewable by payment of a premium for the succeeding year by virtue of the following language:

> "and for such terms of 12 calendar months each thereafter as the required premium is paid on or before expiration of the current term and accepted by the company."

Under the authority of *M.F.A. Mutual Insurance Company v. Quinn*, 259 S.W.2d 854, 859 (Mo.App. 1953), Farm Bureau's fire policy was, in fact, a continuing policy. The court in *Quinn, supra*, had before it a policy with a strikingly similar renewal provision which read as follows:

> "and for terms of such duration thereafter as the required renewal premium is paid by the insured on or before expiration of the current term and accepted by the company."

As in *Quinn*, Farm Bureau's policy

> "[contained] no provision . . . by which the insurance was suspended from expiration date until payment of premiums; and subsequent payment of a premium, then past due, and its acceptance, is evidence of a waiver of [defendant's] right to insist on prompt payment." *Quinn, supra* at 859.

Essentially, Farm Bureau asserts as its only defense on appeal, the same defense it was precluded from asserting in the trial court, to-wit: lapse/forfeiture of the policy due to late payment of the premium. As the lapse/forfeiture defense was unavailable because Farm Bureau failed to make the requisite affirmative pleading (See Rule 55.16), this issue was properly taken from the jury. Accordingly, we affirm that portion of the trial court's judgment which directs a verdict in favor of insured.

■ However, Farm Bureau correctly avers that the issue of vexatious refusal to pay should not have been submitted to the jury inasmuch as insured failed to demonstrate the requisite bad faith. *Hay v. Utica Mut. Ins. Co.*, 551 S.W.2d 954, 958 (Mo.App. 1977). The evidence shows Farm Bureau's refusal to pay the fire loss but does not demonstrate that such refusal was wilful and without reasonable cause or excuse.

Farm Bureau's points relied on pertaining to improper statements of insured's lawyer on opening statement and discovery error are rendered moot by the above rulings.

That portion of the trial court's judgment which awards insured the aggregate sum of

$4,344 predicated upon Farm Bureau's purported vexatious refusal to pay is reversed. That portion of the judgment which awards insured recovery under the policy plus interest in the aggregate sum of $15,660 is affirmed.

SNYDER and REINHARD, JJ., concur.