**James V. STONE, Appellant,**

v.

**M.F.A. MUTUAL INSURANCE CO., Respondent.**

No. 46972.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 6, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Jan. 12, 1984.

Dana Hockensmith, Carol Bader, Hillsboro, for appellant.

Denis C. Burns, St. Louis, for respondent.

CLEMENS, Senior Judge.

Action on fire insurance policy to recover $50,400 for the value of plaintiff's home, totally destroyed by fire on December 23, 1977. The only issue here is whether defendant's policy was then in force. Facially it was not, being issued for one year beginning December 17, 1976 and ending December 17, 1977—six days before the fire. After the fire plaintiff tendered and defendant rejected an annual renewal premium.

The trial court gave defendant judgment ruling:

"The clear and unambiguous terms of the policy provided for a policy term effective from 12:00 noon December 17, 1976 to December 17, 1977. This same series of policy terms were issued and accepted without objection by plaintiff from the original issue date of the policy in 1972. The policy further provides in a clear and unambiguous manner pursuant to condition 12 that the policy would terminate if a continuation premium was not paid prior to the expiration date of then current term."

Plaintiff has appealed, claiming the court erred in rejecting his contention that previously on December 25, 1975 the policy had lapsed and had then been renewed; that this renewal constituted a new policy period which included the fire loss on December 23, 1977.

In response defendant now contends the trial court did not err. This, because the

policy afforded one-year coverage only until December 17, 1977, six days before the fire.

In support of his contention the previous year's policy had been renewed *effective December 25,* 1975 plaintiff first offered in evidence an undated, unaddressed form letter signed by defendant's president concerning a policy lapsed for non-payment of premium and declaring that if a policy holder does make prompt payment: "Your insurance will then be resumed on the day we receive the payment."

Plaintiff now contends this 1975 renewal made the 1976 policy now in issue effective for a year after December 25, 1976; this despite the policy statement it was effective only to December 17, 1977.

Further, in billing plaintiff for the premiums to come due December 17, 1975 and also December 17, 1976, the company's bill carried the statement: "If policy is reinstated no insurance was afforded for the period between the due date and effective date and time of current term shown."

In construing this policy to determine whether defendant's policy covered plaintiff's loss on December 23, 1977 we search its four corners. Therein we are guided by the fundamental principle declared in *Reese v. Preferred Risk Mutual Ins. Co.,* 457 S.W.2d 205[1–3] (Mo.App.1970):

> "In interpreting insurance contracts it is the intent expressed therein which is to control, and if the contract is reasonably susceptible of two or more interpretations that one which will sustain the insured's claim must be adopted, since the language used in the policy is that of the insurer."

We address the issue of the insurer's renewal of its policy and its denial of coverage during plaintiff's alleged delinquency— but giving coverage thereafter. See an analysis of the issue in *MFA Mutual Ins. Co. v. Quinn,* 259 S.W.2d 854[5–8] (Mo.App. 1953). Omitting numerous supporting citations that case holds:

> "For the convenience of (insurer) renewal premiums were required to be paid on or before expiration of the current term, but (insurer) could waive prompt payment of premiums.... Forfeiture of an insurance contract for nonpayment of premiums is not favored in the law and courts are prompt to seize upon circumstances which indicate an election to waive the forfeiture.... An insurance company which has, in the course of its dealings, accepted past due premiums without insisting on forfeiture, will be held to have waived its right to forfeit where, as here, it extended the time for payment ten days and, thereafter solicited the payment of the past due premium, and accepted same when paid.... There was no provision in said policy by which the insurance was suspended from expiration date until payment of premiums; and subsequent payment of a premium, then past due, and its acceptance, is evidence of a waiver of plaintiff's right to insist on prompt payment."

As we noted in *Kirby v. Prudential Ins. Co. of America,* 239 Mo.App. 476, 191 S.W.2d 379[1–3] (1945):

> "Reinstatement of a lapsed insurance policy constitutes a new contract. When a policy lapses for nonpayment of premiums the only thing that is left alive is the contract for reinstatement."

Accordingly we hold the M.F.A.'s policy has afforded coverage for an additional seven days beyond its facial termination. Therefore the policy was effective until December 25, 1977—two days after the fire.

In reaching this conclusion we have considered cases cited by defendant. None address the critical issue of the insurer's express ten day extension of the term of its coverage.

Reversed and remanded for entry of judgment for the insured plaintiff.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.