Dan ARMOUR, Sondra Armour and Colonial Federal Savings and Loan Association, Plaintiffs–Respondents

v.

CAMERON MUTUAL INSURANCE COMPANY, Defendant–Appellant.

No. 15669.

Missouri Court of Appeals,
Southern District,
Division Two.

April 27, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 18, 1989.

Charles Leible, Leible & Lawrence, Sikeston, for plaintiffs-respondents.

Manuel Drumm, Drumm, Winchester & Dement, Sikeston, for defendant-appellant.

PREWITT, Judge.

Plaintiffs sought to recover on an insurance contract because of damage to the residence of plaintiffs Armour caused by a tornado. Defendant denied that the insurance policy was in effect at the time of the tornado. Following nonjury trial judgment was entered in favor of plaintiffs for $24,000, interest and costs. Defendant appeals.

The residence was damaged by a tornado on May 15, 1986. Plaintiff Colonial Federal Savings and Loan Association held a deed of trust on the residence and was a loss payee on the policy. The Armours purchased the residence in April of 1979. They insured it with defendant against losses, including the type of loss which the tornado caused, from April 20, 1979 to April 19, 1980. The premium for the policy was paid after its effective date. On April 23, 1980, the Armours paid the renewal premium for the policy. It was renewed from April 20, 1980 to April 19, 1981. In April of 1981 and 1982 the premium was timely paid and the policy renewed for a year. In 1983 the agent who sold the policy sent a memorandum to defendant on April 19 and had his account with it charged for the premium on May 2, 1983. Defendant renewed the policy from April 20, 1983 through April 19, 1984. The Armours paid the agent on May 9, 1983. For the period of April 20, 1984 to April 19, 1985, the premium was charged to the insurance agent on April 27, 1984 and paid by the Armours to the agent that day. There was no lapse in the coverage during these periods.

On May 1, 1985, the agent notified defendant to renew the policy and the Armours paid the premium to the agent on May 6, 1985. Defendant reinstated the policy for a term from May 3, 1985 to May 2, 1986. Following the tornado loss, the Armours paid the premium thinking that the policy would be renewed with no gap in coverage. On May 16, 1986 defendant accepted the premium but reinstated coverage from May 16, 1986. Thereafter it denied plaintiffs' claim for the loss on May 15, 1986.

Plaintiffs contend, and the trial court found, that by previously accepting late payments without a lapse in coverage defendant waived its right to insist that the premiums be paid promptly in order to keep the coverage continuously in effect. Defendant claims that this is incorrect because of the change in dates of coverage to from May 3 to May 2 following the late payment in May 1985, language in the premium notice, and the Armours' testimony that they were aware that non-payment of the premium would result in no insurance coverage requires that we reverse the trial court's determination.

In our review we are to affirm the judgment of the trial court unless it is against the weight of the evidence, there is no substantial evidence to support it, or it erroneously declares or applies the law. *Wojtkowski v. Shelter Insurance Companies*, 702 S.W.2d 74, 76 (Mo. banc 1985). The judgment should be affirmed if it can be supported by any reasonable theory. *McFadden v. Kelly*, 722 S.W.2d 110, 113 (Mo.App.1986).

Defendant does not argue with the rule set forth in *Grassham v. Farm Bureau Town & Country Ins. Co.*, 684 S.W.2d 892, 895 (Mo.App.1984), that absent a provision in an insurance policy by which insurance is suspended from the expiration date until payment of premium, acceptance of a past due premium is evidence of a waiver of the company's right to insist on prompt payment. The policy here, as in *Grassham*, did not contain such a provision. *Grass-*

*ham* cited and relied primarily on *Mitchell v. Farmers Insurance Exchange*, 396 S.W. 2d 647 (Mo.1965); *Lake v. Farm Bureau Mutual Insurance Company of Mo.*, 624 S.W.2d 28 (Mo.App.1981) and *M.F.A. Mut. Ins. Co. v. Quinn*, 259 S.W.2d 854 (Mo. App.1953).

Defendant contends that this rule is not applicable because of its reinstatement with the gap in coverage from April 19, 1985 to May 3, 1985. They also rely on the language contained on the sheet giving the Armours notice that their premium was due May 3, 1986 and their testimony that they knew that payment of a premium was required for insurance coverage. The language with the premium notice is set out below.[1]

No notice was sent to plaintiffs telling them that late payments could not keep the insurance in effect. The only notice of such a gap was the renewal notice sent to the Armours a year later in April of 1986. The Armours testified they were not aware that there was a gap in the insurance coverage in 1985 until after the loss. The trial court could, and apparently did find, that there was insufficient notice to plaintiffs that the defendant intended to change its policy regarding renewal when a premium was paid after it was overdue, and that it was thereafter insisting on punctuality to keep the policy continuously in force.

Where an insurer has uniformly accepted payment of premiums after the due date, inducing a reliance on the part of the insured, it is estopped to declare a forfeiture of the coverage because the payment was not promptly made without first notifying the insured of its intention to insist on punctuality. 14A Appleman, Insurance Law and Practice § 8201 (1985).

Under the evidence the trial court was justified in finding that plaintiffs relied on defendant's past practice regarding renewals and that they were not notified of or knew of any change in that practice. Merely noting the coverage dates on a renewal notice a year later would not neces-

sarily inform an insured of such a change. Even then the policy was renewed at a date prior to payment.

There was evidence that previous premium notices "just like" the one received for the payment due May 3, 1986, had been received by the Armours. If so, the later notice would not indicate a recent change in renewal practices. That the Armours knew that premiums are required for insurance coverage does not mean there was no coverage here. They did pay and it was accepted. The question is not what happens if they do not pay but what happens when there is a late payment. In the past prompt payment to prevent a lapse in coverage was not required and they were not necessarily notified of a change in that practice.

The judgment is affirmed.

FLANIGAN, P.J., and MAUS, J., concur.

---

1. We will provide the insurance described in this policy in return for the premium and compliance with all applicable policy provisions. Renewal declarations for each successive policy period are subject to our premiums, rules and forms then in effect and shall not become effective until the policy premium is paid to us prior to the end of the preceding policy period.