**Wendy L. HENNESSEY, Appellant,**

v.

**DAIRYLAND INSURANCE CO., Respondent.**

**No. 67612.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 8, 1995.

Edward J. Delworth, St. Louis, for appellant.

Terry L. Pijut, Cynthia A. Sciuto, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Wendy Hennessey ("insured"), appeals from the order of the Circuit Court of the County of St. Louis granting respondent's, Dairyland Insurance Company's ("insurer"), motion for summary judgment on the issue of liability for insured's accident. We reverse and remand.

The facts are briefly as follows: insured purchased an automobile insurance policy from insurer on October 16, 1993, effective on that date. The policy provided month-to-month coverage with payments to be made by or on the 17th day of each month in order to keep coverage in effect. The policy stated in pertinent part:

> This insurance applies only to car accidents and losses which occur while this policy is in force. This policy may be renewed by mutual consent. When we consent to renew this policy, you must pay the renewal premium in advance. You will not be protected if you do not pay the renewal premium before your policy expires.
>
> \*    \*    \*    \*    \*    \*
>
> If we cancel this policy, we must mail the notice of cancellation to you at least 10 days before this policy is to be cancelled.

(emphasis omitted).

The first two premiums, due in November and December, were paid on November 18 and December 17, 1993, respectively. In-

sured did not tender the January, 1994, payment in the amount of $242.99. Therefore, on January 25, 1994, insurer sent insured a cancellation notice informing insured that her coverage would be cancelled on February 4, 1994, unless she paid the renewal premium, in the amount of $482.98, before that date.[1]

On February 5, 1994, insured was involved in an auto collision resulting in damage to her car. Insured reported this accident to insurer on February 6 or February 7, 1994. A check from the insured, written for $242.99, was received by insurer on February 12, 1994, and deposited two days later. The insured's check was dated February 1, 1994, but the envelope in which it was sent was postmarked February 7, 1994.

Pursuant to company policy, the insurer marked the envelope "RSD 2/8/94" indicating the insured's policy was reinstated as of February 8, 1994.[2] The insurer then sent insured a notice of reinstatement informing insured her policy had been reinstated,[3] and showing the new policy period effective from February 8, 1994, to March 8, 1994. The notice also indicated that a four-day lapse in coverage existed from February 4 to February 8, 1994.

Insured filed a claim with insurer for damage to her car resulting from the February 5, 1994, collision. Insurer denied the claim stating coverage did not exist on that date. Insured filed suit requesting payment under the policy and compensation for insurer's vexatious refusal to pay.

On September 19, 1994, insurer filed its motion for summary judgment. On September 28, 1994, insured filed her motion for partial summary judgment on the issue of insurer's liability. The circuit court granted insurer's motion, and insured filed for a trial *de novo*. The parties refiled their motions on January 3, 1995. The court again granted insurer's motion for summary judgment and denied insured's motion. This appeal followed.

Insured challenges the circuit court's entry of summary judgment for insurer, claiming that whether coverage existed on the date of the collision is a genuine issue of material fact because insurer did not notify insured that coverage would lapse if payment was not timely made, and the acceptance of insured's late payment operated as a waiver of its right to demand timely payment. Therefore, insured continues, coverage was in effect at the time of the accident.

■ A motion for summary judgment shall be granted if the motion and response thereto "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 74.04(c)(3). On appeal, we give the circuit court's decision *de novo* review. *ITT Commercial Finance v. Mid-Am. Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Under this standard, we find the circuit court erred in granting insurer's motion for summary judgment, as a genuine issue of material fact regarding insurer's liability existed.

■ Insured's policy was a "continuing" insurance policy. A continuing policy is one which is renewable for successive coverage periods when premiums are paid as they fall due. *Hangley v. American Family Mut. Ins. Co.*, 872 S.W.2d 544, 549 (Mo.App.W.D. 1994).

> Under Missouri law, where a "continuing" insurance policy does not contain a provision expressly stating that the insurance coverage is suspended from the expiration date until the time the renewal premium is paid, the payment of a past due renewal premium and its acceptance by the insurance company is evidence of a waiver of the insurance company's right to insist on prompt payment.

*Id.* Furthermore, the Missouri Supreme Court has held that, regardless of time limits

---

1. The $482.98 amount required by the cancellation notice represented two premium payments: one for the past-due premium and one for the upcoming policy period.

2. Insurer's company policy was to reinstate coverage effective 24 hours after the payment's postmark date.

3. The reinstated policy number was the same policy number that was issued on October 16, 1993.

imposed by the insurance policy and an "avoid-lapse" notice, acceptance of a late premium waives all requirements with respect to timely payment. *Mitchell v. Farmers Insurance Exchange,* 396 S.W.2d 647, 652 (Mo. 1965). In *Mitchell,* because the insurer accepted the late premium without first notifying the insured there would be a gap in coverage caused by late payment, the policy was renewed with coverage effective from the original renewal date without a lapse. *Id.* Accordingly, this court has found an insurance policy's coverage to have lapsed and to have been reinstated when the insured party had been previously informed that such would be the effect of a late payment. *Stone v. M.F.A. Mut. Ins. Co.,* 663 S.W.2d 774, 775 (Mo.App.E.D.1983).

■ In the instant case, insurer notified insured she could secure continual coverage from January 17 to March 17, 1994, if she tendered payment of two renewal premiums totalling $482.98 by February 4, 1994. The notice informed insured her policy would be cancelled on that date if the premiums were not paid. Although the notice clearly stated coverage would cease if payment was not received by the February deadline, the notice did not state what effect a late tender of this payment would have on the policy coverage. The notice did not state late tender of payment by insured and acceptance by insurer merely effected reinstatement of the expired policy with a gap in coverage. Additionally, although insurer notified insured that her policy was reinstated and reflected the dates of the lapse, it did so only after receiving the late payment.

■ In order to guarantee non-liability during the lapse, insurer could also have rejected the late payment. *Grassham v. Farm Bureau Town & Country Ins.,* 684 S.W.2d 892, 896 (Mo.App.S.D.1984) Instead, insurer accepted the check before notifying insured of the late payment's effect. Thus, a question of material fact concerning the ef-

fect of acceptance of the delinquent payment presented itself.

The issue is not resolved by the fact that insured's late payment, in the amount of $242.99, covered only the amount that was due for the January 17—February 17, 1994, period, as opposed to the $482.98 amount required by the cancellation notice. Nor is the fact that insurer processed the late and insufficient check, not as a renewal, but as a policy reinstatement pursuant to company policy dispositive of the issue. Rather, these facts are evidence of whether insurer waived its right to timely payment whereby it bound itself to apply insured's coverage retroactive to the original renewal date, and whether insured knew her coverage would lapse and late payment would only reinstate proactive coverage. Accordingly, the circuit court's entry of summary judgment in favor of insurer was erroneous.

The cases cited by the parties are inapposite: the cited authorities addressed instances of waiver where an insurer accepted a number of late premiums and was estopped from claiming the policy lapsed because of late payment when no notice of such practice was sent to the insured,[4] or of losses occurring after, or learned of after, payment to the insurer had been tendered.[5] Furthermore, all cases dealt with full payment of the premium due. Insurer also cited authorities from other jurisdictions which purportedly supported insurer's position.[6] We are not persuaded as, again, these cases are factually distinguishable. Furthermore, we have already found a genuine issue of material fact existed under Missouri law.

Based on the foregoing, we reverse the order of the circuit court and remand for trial on the issue of insurer's liability.

SMITH, P.J. and RHODES, J. concur.

---

4. *See Armour v. Cameron Mutual Insurance Co.,* 770 S.W.2d 464, 466 (Mo.App.S.D.1989).

5. *See Mitchell,* 396 S.W.2d at 651; *Hangley,* 872 S.W.2d at 548–49; *Grassham,* 684 S.W.2d at 895; *M.F.A. Mutual Ins. Co. v. Quinn,* 259 S.W.2d 854, 858 (Mo.App.K.C.1953).

6. *See Borne v. Dillon,* 201 So.2d 115 (La.App. 1967); *Kielkucki v. American Family Mut. Ins. Co.,* 402 N.W.2d 835 (Minn.App.1987); *Kimball v. Kingsbury,* 27 Utah 2d 70, 493 P.2d 300 (1972).