ST. LOUIS TRIMMING, INC., Plaintiff,

v.

AMERICAN CREDIT INDEMNITY
COMPANY, Defendant.

No. 4:95CV1037–DJS.

United States District Court,
E.D. Missouri,
Eastern Division.

April 30, 1996.

Thomas P. Hohenstein, Tod J. O'Dono-
ghue, and Alan S. Breckenridge, Gallop and
Johnson, St. Louis, MO, for plaintiff.

C. Hope Johnson, A.G. Edwards and Sons,
St. Louis, MO, and Richard J. Pautler, Peper
and Martin, St. Louis, MO, for defendant.

## ORDER

STOHR, District Judge.

Plaintiff St. Louis Trimming, Inc. brings
the instant action for a declaratory judgment
and damages against defendant American
Credit Indemnity Company on a credit insur-
ance policy issued by defendant to plaintiff
for the period from August 1, 1994 through
July 31, 1995 ("the policy"). By invoice dat-
ed July 19, 1994, defendant sought payment

of the annual policy premium in the amount of $7,610.00. The July 19, 1994 invoice reflected that the premium was due on receipt, and was personally delivered to plaintiff on July 29, 1994 along with the policy. Plaintiff remitted the annual premium payment by check dated November 2, 1994. On November 8, 1994, defendant accepted and negotiated the check. Invoking a policy exclusion for losses occurring prior to payment of the premium, defendant later rejected plaintiff's claim for coverage as to the account receivables of one customer, House of Fabrics Inc., following its November 2, 1994 Chapter 11 bankruptcy filing. Defendant has continued to charge and accept monthly premium payments on the policy.

Count I of the first amended complaint seeks a declaratory judgment that defendant is liable to plaintiff for the policy limit of $100,000 on the House of Fabrics claim. Count II alleges that by refusing payment of the claim defendant has breached the insurance contract, and seeks damages in an amount in excess of $100,000. In Count III, plaintiff asserts a claim of vexatious refusal to pay, pursuant to § 375.420 R.S.Mo. Finally, Count IV asserts a conversion claim based on the allegation that defendant has converted plaintiff's claim against House of Fabrics by continuing to prosecute it in the bankruptcy proceedings even after denying coverage for the claim.

The matter is now before the Court on cross-motions for summary judgment. Defendant asserts that it is entitled to summary judgment on Counts I, II and III on the ground that the undisputed facts establish that the House of Fabrics claim is not covered by the policy. In opposition, plaintiff has filed a counter-motion seeking the entry of partial summary judgment in its favor on Counts I and II as to the coverage question. The exclusion upon which defendant relies reads in pertinent part as follows:

> Lines 1.22 thru 1.25 shall be deleted and the following substituted in lieu thereof:
>
> "This Policy shall not cover any loss occurring prior to the payment of the premium, although the Policy may have been delivered. . . . "

Exh. 1 to Complaint, Endorsement 9.1. In the policy's "General Provisions," the exclusion is echoed in the following language:

> Should the Company not exercise its privilege of cancellation as herein provided, the Policy shall remain in effect, but no coverage shall attach to any loss occurring prior to the payment of any premium instrument in default.

*Id.* at § 12, lines 8.24–8.28.

House of Fabrics instituted voluntary bankruptcy proceedings in the United States Bankruptcy Court for the Central District of California on November 2, 1994. On November 8, 1994, defendant received plaintiff's premium payment check dated November 2, 1994. The parties agree the loss at issue occurred on November 2, when House of Fabrics filed in bankruptcy. Defendant argues that payment of the premium did not occur until November 8, so that no coverage is provided.

The Court agrees. Under Missouri law, the so-called "mailbox rule" does not apply to the payment of an insurance premium unless so provided by the policy: *"Tippett [v. Farmers' Mutual Fire Ins. Co.,* 47 S.W.2d 225 (Mo.App.1931),]* held that the mere deposit of the premium in the mail did not constitute payment." *Hammond v. Mo. Prop. Ins. Placement Facility,* 731 S.W.2d 360, 366 (Mo. App.1987). Instead, the "established principles stated in *Tippett* " dictate that "the date on which the premium would be paid was the date on which the check mailed would arrive at the defendant's office in the due course of the mails." *Id.* In this case, then, the premium payment mailed on November 2 from St. Louis to defendant's offices in Maryland cannot be deemed to have been made until several days afterward, when it would ordinarily be expected to be received in defendant's offices.

Plaintiff argues that defendant agreed that the premium payment would be deemed paid as of the date of its mailing, and that the payment was therefore made prior to the loss occasioned by House of Fabrics' bankruptcy filing the same day. The policy's several references to dating other items as of "the date postmarked or the date otherwise delivered to the Company" fail to support

plaintiff's position, however, given that none of these references applies specifically to premium payments.

▉ Plaintiff contends that a number of actions taken by defendant waived any right to deny coverage for the House of Fabrics claim. Plaintiff also maintains that, under Missouri law, defendant's receipt and retention of the premium payments for the risk at issue requires defendant to provide coverage for the loss. Express provisions of the policy state that defendant's handling and pursuit of the House of Fabrics claim did not work a waiver of any applicable basis for the denial of coverage. Section 4 of the policy provides that:

> The receipt, retention, or handling by the company of any claim filed by the insured shall not constitute a waiver of any of the terms or conditions of this Policy, nor shall it be an acceptance of such claim as covered by this or any other policy.

Section 12 of the policy similarly states that:

> The Company will acknowledge receipt of all Notifications of Claim and the Final Statement of Claim, but neither the acknowledgement or retention thereof by the Company nor its failure to acknowledge receipt thereof, shall be an admission of liability or a waiver by the Company of any of the terms or conditions of this Policy.

Furthermore:

> The general rule holds that waiver and estoppel are not available to bring risks within the coverage of an insurance policy that are not covered by its terms or are excluded from that policy ... The rationale for this rule is that neither the doctrines of waiver nor estoppel may be used to create a new contract for the parties. Missouri follows the general rule.

*Holland Corporation, Inc. v. Maryland Casualty Company*, 775 S.W.2d 531, 534–35 (Mo.App.1989) [citations omitted].

1. *See, e.g., Mitchell v. Farmers Ins. Exchange*, 396 S.W.2d 647, 652 (Mo.1965) [recognizing distinction between "creation of new rights" and waiver of "conditions for payment of premium"].

2. The Court's research on the exclusion here at issue disclosed only one other case, *C.F. Simo-*

Plaintiff seeks to characterize the facts as presenting an issue of waiver or estoppel analogous to an insurer's waiver of policy lapse by the acceptance of a late premium. In the Court's view, defendant correctly characterizes the issue not as one of lapse of the policy itself, but of the existence of coverage for a particular claim. The law makes a distinction between these scenarios—waiver of premium payment provisions, which may occur, and waiver of substantive coverage provisions, which may not.[1] Because the policy here at issue incorporates premium payment into an exclusion from coverage, the case admittedly sits close to the intersection of these concepts. Nonetheless, the Court concludes as a matter of law that the provisions at issue are not subject to waiver or estoppel under the Missouri rule applicable to substantive coverage provisions.

This is not a case in which the policy was a continuing one, automatically renewable by timely payment of periodic premium payments. *M.F.A. Mutual Ins. Co. v. Quinn*, 259 S.W.2d 854, 859 (Mo.App.1953). Neither did the insurance company grant any extension of a due date for the payment of the premium, or solicit the payment of a past due premium. *Id.* A credit indemnity policy provides protection against known risks of default on the insured's current accounts receivable, which are disclosed to and evaluated by the insurer in determining whether or not to issue a policy and at what cost. Where known risks are involved, the provision requiring pre-payment for coverage has an obvious rational basis.[2]

Even in cases cited by plaintiff involving continuing, renewable policies, the Missouri courts have found that waiver or estoppel applied to acceptance of a late premium payment only where the policy contained no provision "by which the insurance was suspended from the expiration date until payment of premium." *Grassham v. Farm Bureau Town & Country Ins.*, 684 S.W.2d 892,

*nin's Sons, Inc. v. American Credit Indemnity Co. of New York*, 318 Pa. 160, 177 A. 807 (1935), suggesting that the exclusion has historically been included in credit indemnity policies and not in other types of policies.

895 (Mo.App.1984); *see also Armour v. Cameron Mutual Ins. Co.,* 770 S.W.2d 464, 465–66 (Mo.App.1989); *Lake v. Farm Bureau Mutual Ins. Co. of Missouri,* 624 S.W.2d 28, 29 (Mo.App.1981); *Quinn,* 259 S.W.2d at 859. Because the exclusion upon which defendant relies is such a provision, the case law would appear to defeat plaintiff's waiver argument even if the issue is treated as one of waiver of delinquency in premium payment.

For all the foregoing reasons, on the basis of the undisputed facts deemed material by the Court, the Court concludes as a matter of law that there exists no coverage under the policy for the loss occasioned by House of Fabrics' November 2, 1994 bankruptcy filing. Defendant is therefore entitled to summary judgment on Counts I, II and III of the first amended complaint, plaintiff's claims for coverage and for damages based on the insured's allegedly vexatious refusal to pay the House of Fabrics claim.

■ As to the conversion claim asserted in Count IV, defendant contends that plaintiff fails to state a claim upon which relief may be granted. More specifically, defendant argues that the facts alleged by plaintiff, even if true, fail to establish that defendant wrongfully took or retained possession of the claim against House of Fabrics, or made a wrongful use of the claim. Under Missouri law, conversion is generally defined as " 'an unauthorized assumption of the right of ownership over personal property of another to the exclusion of [the owner's] right of ownership.' " *Chemical Sales Co., Inc. v. Diamond Chemical Co.,* 766 F.2d 364, 367 (8th Cir.1985), *quoting Knight v. M.H. Siegfried Real Estate, Inc.,* 647 S.W.2d 811, 814 (Mo.App.1982). Conversion may be proved by establishing that the tortfeasor "seriously interfere[d] with another's right of ownership in property" in one of three ways—"by wrongfully taking possession of the property, by making a wrongful use of the property while rightfully in possession, or by wrongfully refusing to give up possession." *Chemical Sales,* 766 F.2d at 367; *see also Reason v. Payne,* 793 S.W.2d 471, 474 (Mo.App.1990); *Knight,* 647 S.W.2d at 814.

■ Plaintiff's conversion claim, as pled in the first amended complaint filed on July 31, 1995, is based on defendant's failure to "reassign the [House of Fabrics] claim or otherwise return the claim to Plaintiff" and defendant's continued prosecution of plaintiff's claim against House of Fabrics, even after denying coverage therefor. 1st Amended Complaint [Doc. # 15], ¶ 56. In support of its motion for summary judgment, defendant asserts, and plaintiff does not now dispute, that plaintiff's claim against House of Fabrics was not assigned to defendant, but rather that plaintiff merely authorized defendant to represent plaintiff in pursuing the claim in the bankruptcy proceedings. Furthermore, following the filing of the first amended complaint, defendant offered plaintiff the opportunity to pursue the claim on its own, which plaintiff accepted.

Pending defendant's determination as to the existence of coverage and later this Court's determination of coverage, defendant continued to prosecute the claim on plaintiff's behalf. Promptly upon plaintiff's expression of a desire to assume its own representation, defendant ceased its pursuit of the claim on plaintiff's behalf. On these undisputed facts, the Court concludes that defendant is entitled to summary judgment on the conversion claim. First, defendant's pursuit of the claim was authorized by plaintiff, until such time as plaintiff withdrew authorization and defendant withdrew its prosecution of the claim. Second, because the claim was never assigned by plaintiff to defendant, defendant never assumed ownership of the claim to the exclusion of plaintiff's right of ownership; to the contrary, defendant only pursued the claim on plaintiff's behalf.

Finally, none of the three means of conversion is demonstrated by the facts presented here. Because plaintiff initially authorized and consented to defendant's pursuit of the claim against House of Fabrics' bankruptcy estate, defendant did not wrongfully take possession of the claim. Plaintiff alleges no conduct which constitutes a wrongful use of the claim while rightfully in possession. Defendant promptly ceded management of the claim once it was notified in writing of plaintiff's intention to pursue the claim independently; defendant did not, therefore, wrongfully refuse to give up possession or control

of the claim. In the Court's view, not only did defendant's conduct not constitute a conversion as a matter of law, but defendant appears to have acted appropriately, perhaps even commendably, to safeguard plaintiff's claim during the pendency of the parties' dispute concerning coverage. Defendant is entitled to summary judgment on plaintiff's conversion claim, Count IV of the first amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. # 18] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [Doc. # 25] is denied.