**GEICO CASUALTY COMPANY, Appellant,**

v.

**Aaron A. CLAMPITT, Respondent.**

No. ED 104956

Missouri Court of Appeals,
Eastern District,
DIVISION THREE.

Filed: June 20, 2017

ATTORNEYS FOR APPELLANT: Russell F. Watters, 800 Market Street, Suite 1100, St. Louis, MO 631012.

ATTORNEYS FOR RESPONDENT: Brent E. Labovitz, 7700 Bonhomme Avenue, Suite 350, Clayton, MO 63105.

ROBERT G. DOWD, JR., Judge

Geico Casualty Company appeals from the summary judgment declaring that the underinsured motorist coverage limits on three vehicles in a single policy owned by Aaron Clampitt could be stacked. We reverse.

Clampitt was injured in a car accident with another motorist and received $25,000 from that motorist's insurance company. That amount did not cover Clampitt's damages, so he made a claim for underinsured motorist ("UIM") coverage under the policy he had with Geico, under which three of Clamplitt's vehicles were insured. Geico paid Clampitt $50,000 in accord with the stated per person policy limit for UIM coverage on one vehicle, and the parties agreed to litigate whether additional UIM coverage could be "stacked." On joint stipulated facts and cross-motions for summary judgment, the trial court entered judgment declaring that the UIM coverages could be stacked. This appeal follows.[1] We review the propriety of this summary judgment and the interpretation of this insurance policy de novo. *See ITT Commercial Finance Corporation v. Mid-America Marine Supply Corporation*, 854 S.W.2d 371, 376 (Mo. banc 1993).

The declarations page of this policy describes UIM coverage and the premiums paid for that coverage as follows:

| Coverages | Limits and/or Deductibles | Vehicle 1 | Vehicle 2 | Vehicle 3 |
|---|---|---|---|---|
| Underinsured Motorist Each Person/Each Occurrence | $50,000/$100,000 | $3.39 | $3.39 | $3.39 |

It is undisputed that in the body of the policy, UIM coverage is subject to limitations that prohibit stacking. In relevant part, the policy states that the limits of liability shown on the declarations page apply "regardless of the number of insured autos involved in the accident . . . vehicles or premiums shown in the declarations or premiums paid;" the per person limit of liability in the declaration "is the limit of our liability for all damages . . . sustained by one person as the result of one accident;" and "when coverage is afforded to two or more autos, the limits of liability shall apply separately to each auto as stated in the declarations but shall not exceed the highest limits of liability applicable to one auto."

■ Clampitt does not argue that these "anti-stacking provisions" are themselves ambiguous or unenforceable. In fact, he concedes that when those provisions are read alone, they unambiguously prohibit stacking the UIM coverages. *See generally Rodriguez v. General Accident Insurance Company of America*, 808 S.W.2d 379, 383 (Mo. banc. 1991) (finding similar language clearly and unambiguously prohibited stacking). Clampitt contends, however, that when these provisions are read in

1. The trial court granted Clampitt's motion and denied Geico's motion. Because the parties' competing motions for summary judgment hinged on the same critical issue—whether UIM coverage could be stacked—we can review the intertwined decisions granting one motion and denying the other, even though normally the denial of a summary judgment is not appealable.

conjunction with the declarations page an ambiguity arises. Specifically, he asserts that because the declarations page shows that he paid a separate premiums for UIM coverage on each of his three vehicles, the declarations page "clearly provides" that the UIM coverages can be stacked. He claims the declarations page promises three UIM coverages and then the anti-stacking provisions take two of those coverages away. We disagree.

It is well-settled that where one section of an insurance policy promises coverage and another takes it away, the contract is ambiguous and the ambiguity must be resolved in favor of the insured. *See Ritchie v. Allied Property & Casualty Insurance Company*, 307 S.W.3d 132, 140–41 (Mo. banc 2009). But we cannot "create an ambiguity by reading only a part of the policy and claiming that, read in isolation, that portion of the policy suggests a level of coverage greater than the policy actually provides when read as a whole." *Owners Insurance Company v. Craig*, 514 S.W.3d 614, 617 (Mo. banc 2017). Rather, we must read the policy as a whole to determine if there is an ambiguity. *See generally Dutton v. American Family Mutual Insurance Company*, 454 S.W.3d 319, 324 (Mo. banc 2015).

When evaluating the policy as a whole, we must also follow the Supreme Court's repeated dictate that declarations pages "do not grant any coverage" but "are introductory only and subject to refinement and definition in the body of the policy." *Owners*, 514 S.W.3d at 617 (citing *Floyd-Tunnell v. Shelter Mutual Insurance Company*, 439 S.W.3d 215, 221 (Mo. banc 2014) and *Peters v. Farmers Insurance Company*, 726 S.W.2d 749, 751 (Mo. banc 1987)). A declarations page "states the policy's essential terms in an abbreviated form, and when the policy is read as a whole, it is clear that a reader must look

elsewhere to determine the scope of coverage." *Floyd-Tunnell*, 439 S.W.3d at 221. Following this precedent, our courts have held that since the declarations page cannot grant coverage, it cannot be used to argue that the insurer has promised something to the insured in the declarations page that is then later taken away by the more complete policy terms. *Yager v. Shelter General Insurance Company*, 460 S.W.3d 68 (Mo. App. W.D. 2015). In *Yager*, the insured argued that the declarations page promised coverage for accidents involving "non-owned autos" and did not indicate that a later definition of that term would exclude certain autos from that coverage. *Id.* at 75. The court found that one of the "critical flaws" in this argument was that, under *Floyd-Tunnell*, the insured "is simply mistaken that the coverage summary provided on a policy's declarations page can create an ambiguity when construed in connection with the policy's actual terms." *Id.* Thus, the first problem with Clampitt's argument is that he simply cannot rely on the declarations page to demonstrate that he was promised or granted the right to stack his UIM coverages.

Secondly, regardless of how much emphasis we give this declarations page, it is completely silent on the issue of stacking. It does not say that the UIM coverages can or cannot be stacked. Stacking is not even mentioned, much less promised. Nor does the fact that the declarations page shows UIM coverage for each of his three separately listed vehicles, and does not expressly prohibit stacking those three coverages, reasonably lead to the conclusion that they can be stacked. That very argument has already been rejected under Missouri law. In *Midwestern Indemnity Company v. Brooks*, the declarations page listed the limits of liability for UIM coverages on five separate vehicles, on which five separate premiums had been paid. 779

F.3d 540, 543 (8th Cir. 2015). In the body of the policy, stacking of those limits of liability was unambiguously prohibited by language similar to the language in Clamplitt's policy; specifically, it stated that the limits shown on the declarations page were the most the insurance company would pay "regardless of the number of ... vehicles or premiums shown" on that page. *Id.* at 545. The insured claimed, however, that because the declarations page showed premiums paid for five vehicles, they were promised a stack of five UIM coverages. *Id.* The Eighth Circuit, applying Missouri law, disagreed and found that the declarations page gave "readers no hint whether the indicated limits can be combined" and could not reasonably be read to contradict the anti-stacking mandate elsewhere in the policy. *Id.* at 546-47. The Court found that the listing of multiple vehicles and multiple premiums simply indicates which cars are insured and is "not enough, in view of the clear [anti-stacking] provision, to create an ambiguity." *Id.* at 546. Similarly, in *Staufenbiel v. Amica Mutual Insurance Company*, the court concluded that a chart on a declarations page listing multiple covered vehicles—like the one on Clampitt's declarations page—did not address stacking or contradict the anti-stacking provision: "a reasonable layperson would understand the table to indicate that while driving one of the listed vehicles, the individual was covered by the underinsured motorist coverage." 2015 WL 1456987, at *4 (E.D. Mo. Mar. 30, 2015) (applying Missouri law); *see also Hall v. Allstate Insurance Company*, 407 S.W.3d 603, 610-11 (Mo. App. E.D. 2012) (fact that three vehicles were listed on the declarations page coupled with other general language in policy—all of which was silent on stacking—could not be read as an express promise of stacking, especially where stacking expressly and unambiguously prohibited elsewhere in policy).

Moreover, the fact that the declarations page did not expressly prohibit stacking does not create an ambiguity. "In Missouri, a policy is not ambiguous just because its broad statement of coverage [in the declarations page] is later cabined by policy definitions or exclusions." *Brooks*, 779 F.3d at 546 (citing *Floyd-Tunnell*, *supra*). As another court put it, the mere fact that a declarations page does not expressly contain anti-stacking language is "unremarkable" and does not create an ambiguity. *Estate of Hughes v. State Farm Mutual Automobile Insurance Company*, 485 S.W.3d 357, 362-63 at n.4 (Mo. App. W.D. 2016) (citing *Floyd-Tunnell*, *supra*). Again, this is because a declarations page is brief by design and does not contain the vast majority of the policy's limitations. *See id.; see also Yager*, 460 S.W.3d at 75 (finding nothing on declarations page that would alert reader that the policy provides any coverage for non-owned autos and failing to see how a "reasonable insured reviewing the declarations pages" would conclude that it did).

We fail to see how a reasonable insured could draw any conclusions about whether the UIM coverages in this case could be stacked based on what appears on the face of this declarations page alone. Only further reading of the whole policy will answer that question about the scope of coverage. Thus, contrary to Clampitt's contentions, this is simply not a "promise, then take away" case. The summary of coverage on the declarations page promised nothing about stacking, and the actual terms of the policy unambiguously prohibited stacking. Geico could not take away what it never promised. *See Kennedy v. Safeco Insurance Company of Illinois*, 413 S.W.3d 14, 18 (Mo. App. S.D. 2013) (finding no ambiguity where stacking was not promised or even suggested in "other insurance" provision and was

plainly and repeatedly disclaimed elsewhere.)

The cases cited by Clampitt in support of his position that an ambiguity can arise based on the declarations page are all distinguishable because none of them are stacking cases. Rather, each dealt with whether the UIM coverage was "gap," in which case the amount the insurer pays is set off by what the tortfeasor paid (thus, the insurer never pays the UIM limit of liability shown on the declarations page) or "excess," in which case the amount the insurer pays is in addition to what the tortfeasor paid. *See Miller v. Ho Kun Yun,* 400 S.W.3d 779 (Mo. App. W.D. 2013) (finding that interplay between policy language saying UIM is gap and the stated limits on the declarations page created confusion and ambiguity); *Simmons v. Farmers Insurance Company,* 479 S.W.3d 671 (Mo. App. E.D. 2015) (finding that nothing on declarations page indicated coverage was merely gap and thus conflicted with policy provision defining UIM coverage as gap); *Nationwide Insurance Company of America v. Thomas,* 487 S.W.3d 9, 14 (Mo. App. E.D. 2016) (finding ambiguity where declarations page was contradicted by other policy provisions regarding whether UIM coverage gap or excess). These cases involve totally different policy provisions and are not applicable in the stacking context. *See Estate of Hughes,* 485 S.W.3d at 363, n.3 (distinguishing non-stacking cases for same reason). Our courts have warned of the risk of focusing too much on case law over policy language and have cautioned that other decisions "are not dispositive in the absence of identical policy language." *Kennedy,* 413 S.W.3d at 17. More important than the factual differences in these cases is that none of these cases acknowledge or take into account the Supreme Court's directive that a declarations page is merely an introduction to and summary of the essential terms of coverage, but does not grant coverage. Thus, not only are these cases not dispositive of the facts of this case, we also find them to be unhelpful even on general principles for interpreting insurance contracts.

Point granted. The judgment entered in favor of Clampitt, declaring that the UIM coverages can be stacked, is reversed. The trial court is directed to enter judgment in favor of Geico, consistent with this opinion.

Angela T. Quigless, P. J. and Lisa S. Van Amburg, J., concur.