# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1800
_____

Janet Micheel

*Plaintiff - Appellee*

v.

American Family Mutual Insurance Company

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: April 8, 2021
Filed: June 17, 2021
_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

After Janet Micheel was injured in a car accident, she sought underinsured motorist (UIM) benefits from American Family Mutual Insurance Company. American Family paid only half of its $100,000 policy limit because of an offset provision in the policy. Micheel sued, claiming the offset provision did not apply. The district court agreed and granted her summary judgment. American Family appeals, and we reverse.

## I.

In December 2017, Micheel suffered more than $150,000 in injuries in a car accident.  The other driver had an insurance policy that covered up to $50,000 in injuries, so Micheel contacted her insurer, American Family, asking for $100,000 in UIM benefits.

Micheel's initial policy from American Family extended from July 2015 to January 7, 2016.  That policy insured up to $100,000 in UIM coverage and included an offset provision reducing any UIM recovery by amounts paid "by or on behalf of the owner or operator of the underinsured motor vehicle."  D. Ct. Dkt. 16-2 at 24.  When the policy period lapsed, Micheel renewed her insurance under a provision that allowed the policy to "be continued for successive policy periods by the payment of the required premium on or before the effective date of each policy period."  D. Ct. Dkt. 16-2 at 12.  After renewal, American Family did not send Micheel the terms of her new policy.  Instead, she received a summary that did not discuss any limitations on coverage.

American Family refused to pay the full $100,000, pointing to the offset provision.  Because Micheel received $50,000 from the other driver, American Family claimed she was entitled to only $50,000 in UIM coverage.

Micheel filed suit.  Both parties moved for summary judgment on the issue of whether the offset provision applied and whether American Family owed Micheel an additional $50,000.  The district court granted summary judgment to Micheel, finding that the summary created an ambiguity as to the continued applicability of the offset provision.  American Family appealed.

## II.

"We review the district court's summary judgment decision, including its interpretation of the contract and state law, de novo."  *Yang v. Farmers New World*

*Life Ins. Co.*, 898 F.3d 825, 827 (8th Cir. 2018). Missouri law applies. When construing the terms of an insurance policy in Missouri, a court applies the meaning that "would be attached by an ordinary person of average understanding if purchasing insurance," and resolves any ambiguities in the policy in favor of the insured. *Marrs v. Am. Fam. Ins. Co.*, 522 S.W.3d 926, 928 (Mo. Ct. App. 2017). "Ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." *Id.* (citation omitted) (cleaned up).

The terms of the original policy—which included the offset provision—govern here. Micheel took out a "continuing" insurance policy, "which is renewable for successive coverage periods when premiums are paid as they fall due." *Hennessey v. Dairyland Ins. Co.*, 904 S.W.2d 73, 75 (Mo. Ct. App. 1995). "While the renewal of an insurance policy constitutes a separate and distinct contract for the period of time covered by the renewal, it is nevertheless a contract with the same terms and conditions as those contained in the policy which is renewed." *Rice v. Provident Life & Acc. Ins. Co.*, 102 S.W.2d 147, 151 (Mo. Ct. App. 1937). By continuing to pay her insurance premiums, Micheel obtained new policy periods, but the terms of her initial policy—including the offset provision—remained the same.

Micheel's argument to the contrary falls short. She says American Family created ambiguity in the insurance policy by issuing the summary. But the summary most closely resembles a declarations page, which "state[s] the policy's essential terms in an abbreviated form." *Owners Ins. Co. v. Craig*, 514 S.W.3d 614, 617 (Mo. 2017) (en banc). In Missouri, "a policy is not ambiguous just because its broad statement of coverage in the declarations page is later cabined by policy definitions or exclusions." *Geico Cas. Co. v. Clampitt*, 521 S.W.3d 290, 294 (Mo. Ct. App. 2017) (citation omitted) (cleaned up).

The insurance contract is unambiguous: the offset provision applies. American Family has already paid $50,000, so nothing further is required. American Family is entitled to summary judgment.

The judgment of the district court is reversed.  The case is remanded for proceedings consistent with this opinion.

_____