Robert P. **BECKER, et al., Appellant,**

v.

**ALLIED PROPERTY & CASUALTY INSURANCE COMPANY,**
Respondent.

No. ED 99394.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 10, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 13, 2014.

Application for Transfer Denied March 25, 2014.

Susan Ford Robertson, J. Zachary Bickel, The Robertson Law Group, LLC, Kansas City, MO, Christian L. Faiella, Sidney Wheelan, Tatlow, Gump, Faiella & Wheelan, Moberly, MO, for appellants.

John F. Cooney, Kevin E. Myers, Dana McKitrick, P.C., St. Louis, MO, for respondent.

KURT S. ODENWALD, Judge.

*Introduction*

Robert Becker, Denise Becker, Mackenzie Becker, Christopher Becker, and Alexander Becker (collectively "the Beckers") appeal from the judgment of the trial court in favor of Allied Property and Casualty Insurance Company ("Allied"). The Beckers filed a petition for declaratory judgment against Allied seeking a declaration that they were entitled to a total of $2,166,000 in underinsured motorists ("UIM") coverage for injuries sustained while driving a vehicle insured through Allied. The Beckers argue that their Allied policy provided multiple limits of UIM coverage, and that they were allowed under the policy to stack these multiple coverages. Allied contends that the Beckers are entitled to only $300,000, the stated "per accident" limit of UIM coverage in their policy. Following a bench trial, the trial court entered judgment in favor of Allied, finding that the policy unambiguously limited UIM coverage to $300,000 per accident.

We hold that the Beckers' insurance policy with Allied unambiguously provided a single unit of UIM coverage with a per accident limit of $300,000. Because Allied has already tendered $300,000 to the Beckers, the trial court did not err in entering judgment in favor of Allied. We affirm the judgment of the trial court.

### Factual and Procedural History

The underlying facts of this case are not in dispute. Allied issued a policy of personal automobile insurance to Robert and Denise Becker insuring each of the Beckers' five vehicles. The policy included an endorsement that added UIM coverage to the policy. The Declarations Page of the policy stated that the liability limit for UIM coverage was $100,000 per person and $300,000 per accident.

On July 11, 2010, the Beckers were seriously injured in a vehicle collision while driving in one of their vehicles insured under the Allied policy. The collision involved an underinsured motor vehicle, as that term is defined in the Allied policy, driven by Charles Howdeshell ("Howdeshell"). The Beckers filed suit against Howdeshell for their injuries and subsequently obtained a judgment in their favor as follows: $2,500,000 in favor of Robert Becker; $700,000 in favor of Denise Becker; $270,000 in favor of Christopher Becker; $400,000 in favor of Mackenzie Becker; and $3,000,000 in favor of Alexander Becker, for a total judgment of $6,870,000. Despite the amount of the judgment, the Beckers received only $25,000 from Howdeshell, the limit of his liability insurance.

On December 16, 2011, the Beckers made demand on Allied for $2,166,000 under their UIM coverage. In response, Allied tendered $300,000 to the Beckers, which Allied asserted was the "per accident" limit of UIM coverage under the

Allied policy and, therefore, the most Allied was required to pay.

On August 11, 2011, the Beckers filed a petition for declaratory judgment against Allied seeking a declaration that they were entitled to stack the $100,000 per person limits on each of the five vehicles insured under the Allied policy for a total of $2,166,000 in UIM coverage. Following a one-day bench trial, the trial court entered judgment in favor of Allied. This appeal follows.

### Points on Appeal

In their first point on appeal, the Beckers assert that the trial court erred in entering judgment in favor of Allied because the "excess" language in the "Other Insurance" provision in the Allied policy renders the policy terms ambiguous as to whether stacking of UIM coverage limits is allowed. The Beckers contend that because any ambiguity in the policy language must be construed against the insurance company, the trial court should have construed the policy ambiguity in their favor to allow stacking of the per person limit of $100,000. In their second point on appeal, the Beckers assert that the term "you" as used in the "Other Insurance" provision is also ambiguous, thereby rendering the policy ambiguous as to whether stacking is allowed, and that such ambiguity also should have been construed to permit stacking of the per person limit.

### Standard of Review

Interpretation of an insurance policy is a question of law that this Court determines *de novo*. *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. banc 2009). In construing the terms of an insurance policy, we apply the meaning that would be attached by an ordinary person of average understanding if pur-

chasing insurance, and resolve any ambiguities in favor of the insured. *Id.*

### Discussion

The thrust of the Beckers' argument on appeal is that the "Other Insurance" provision of the Allied policy creates an ambiguity with respect to whether stacking is allowed. The Beckers maintain that any ambiguity must be construed in their favor as the insureds. Allied insists that the Beckers' focus on alleged ambiguities in the "Other Insurance" provision is misguided because the Allied policy does not provide multiple UIM coverages, and without multiple coverages, there is nothing for the Beckers to stack even if an ambiguity could be shown to exist within the policy language. Allied contends that a single unit of UIM coverage was provided on a per policy basis with a maximum per accident limit of $300,000.

■■■■ " 'Stacking' refers to an insured's ability to obtain multiple insurance coverage benefits for an injury either from more than one policy, as where the insured has two or more separate vehicles under separate policies, or from multiple coverages provided for within a single policy, as when an insured has one policy which covers more than one vehicle." *Niswonger v. Farm Bureau Town & Country Ins. Co. of Missouri,* 992 S.W.2d 308, 313 (Mo.App. E.D.1999) (internal quotations omitted). From this definition of stacking, it necessarily follows that an insured seeking to stack coverages must actually be an insured as to the particular loss under more than one coverage. 12 Couch on Ins. § 169:11. Accordingly, we first address the threshold issue of whether the Allied policy provided multiple UIM coverages for each of the Beckers' five vehicles, as that issue is dispositive of both. *See id.* ("In any case potentially involving stacked coverages, the initial step for both insured and all potential insurers should be an

analysis of whether there are multiple applicable coverages applicable.").

■■■■ To determine the coverage provided under an insurance policy, we first look to the insurance contract itself. *Long v. Shelter Ins. Companies,* 351 S.W.3d 692, 701 (Mo.App. W.D.2011). If the insurance contract is unambiguous, we enforce the policy as written. *Id.* "[A]mbiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." *Id.* at 696 (internal quotations omitted). We will apply the plain meaning of words and phrases as they would have been understood by an ordinary person of average understanding when purchasing insurance. *Id.* In reviewing an insurance contract, we are not permitted to distort policy language or "exercise inventive powers" in order to create an ambiguity when none exists. *Hall v. Allstate Ins. Co.,* 407 S.W.3d 603, 607 (Mo.App. E.D.2012).

■■■■ Allied contends that although the Beckers' policy provides coverage for liability and property damage for each of the five insured vehicles, the policy clearly extends only one UIM coverage on the policy, with one single limit of $100,000 per person and $300,000 per accident. In support of its argument, Allied directs this Court to the Declarations Page of the policy. The Declarations Page sets forth the coverage and limits of liability of Allied with regard to each of the Beckers' vehicles in the form of a grid. Each row in the grid plainly corresponds to one of the Beckers' vehicles, and each column of the grid corresponds to the type of coverage provided under the policy. In the column for UIM coverage, the words "per policy" appear in parentheses. Additionally, beneath the "per person, per accident" designation, the amount of $100,000 (each person) and $300,000 (each accident) appear

only once. Allied's designation of the coverage limit for the Beckers' UIM coverage is plainly different from the designation of the policy coverage limits for Bodily Injury, Property Damage, and Medical Payments. Unlike the entry for the UIM coverage, in the designated column for each of these different types of coverage, beneath the "per person, per accident" designation, the dollar value of the coverage limit is separately listed five times. Each of the five separate listings corresponded to each separate vehicle insured under the policy. In addition, the various columns indicating coverage for Bodily Injury, Property Damage, and Medical Payments do not contain the limiting designation of "per policy" as noted in the column for UIM coverage.

When reviewing the entire Allied policy and applying the plain meaning of words and phrases used in the policy, we are not persuaded that the policy allows for any stacking of UIM coverage. To the contrary, the Beckers' policy unambiguously provided UIM coverage on a per policy basis, and maximized the single limit of liability under that coverage to the amount of $100,000 per person and $300,000 per accident. An ordinary person of average understanding reading the Declarations Page would see the words "per policy" in the column for UIM coverage and understand that the UIM coverage is provided on a per policy basis, as contrasted with the per vehicle designations provided for the other coverages listed in the policy. That the policy lists one single limit of $100,000/$300,000 for UIM coverage, but lists multiple limits for Bodily Injury, Property Damage, and Medical Payments coverage, further confirms that the Allied policy provided one single limit of liability for the UIM coverage. The language found in the Declarations Page leaves no doubt that one single coverage for UIM coverage is provided in the policy. We find no language in the policy that suggests the policy provided multiple units of UIM coverage.

We acknowledge that the Beckers maintain in their appeal that Allied's position that the policy provides only one single unit of UIM coverage requires consideration of improper extrinsic evidence. We reject that argument and note that our holding is based solely upon the language found in the Beckers' policy. Because we find no ambiguity in the policy, we do not look to extrinsic evidence to interpret its provisions. *See Topps v. City of Country Club Hills*, 272 S.W.3d 409, 418 (Mo.App. E.D.2008). Rather, we must apply its terms as written. *Long*, 351 S.W.3d at 701.

### Conclusion

The Beckers' purchased only one policy of insurance for their vehicles from Allied. The terms of that insurance policy unambiguously provided a single unit of UIM coverage with a per accident limit of $300,000. As a result, despite the fact that five vehicles were covered for Bodily Injury, Property Damage, and Medical Payments coverage, the insurance policy did not have any additional UIM coverage that could be stacked onto the $100,000 per person, $300,000 per accident coverage set forth in the Declarations Page. Because Allied has satisfied its obligation to the Beckers by tendering payment of $300,000, the trial court did not err in entering judgment in favor of Allied. We affirm the judgment of the trial court.

MARY K. HOFF, P.J., and ANGELA T. QUIGLESS J., Concur.