

# Missouri Court of Appeals

### Southern District

### Division One

NATIONWIDE INSURANCE )
COMPANY OF AMERICA, )
)
      Plaintiff-Appellant, )
v. ) No. SD33484
) Filed: 1-28-16
TANYA S. DUGGER and )
BILLY S. SWANSON, )
)
      Defendants-Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Michael M. Pritchett, Circuit Judge

**<u>AFFIRMED</u>**

Nationwide Insurance Company of America (Nationwide) appeals from a judgment ordering it to pay Tanya Dugger (Tanya) and Billy Swanson (Billy) $25,000 in uninsured motorist (UM) coverage for damages arising from the death of their daughter, Victoria Swanson (Victoria).[1] Tanya had an automobile policy with Nationwide (hereinafter referred to as the Policy) that insured two vehicles. The Policy contained anti-stacking language purporting to limit Tanya to a single payment of $25,000 for her

---

[1] Billy Swanson acknowledged service in the underlying case, but did not answer or participate in these proceedings. Because Billy and Victoria share the same surname, we refer to Tanya, Billy and Victoria by their first names for purposes of clarity.

UM coverage. The trial court concluded that the anti-stacking language was unenforceable because it violated the public policy of this state established by § 379.203.[2] We agree and affirm the judgment of the trial court.

## Factual and Procedural Background

The material facts are undisputed. On June 5, 2012, Victoria was a passenger in an uninsured automobile. Victoria was killed when that automobile was struck by a train. The Policy was in effect on that date. Victoria met the Policy's definition of an insured, and the parties agree that the damages arising from Victoria's death exceed $50,000. According to the Declarations, the Policy insured two vehicles and included UM coverage of $25,000 per person and $50,000 per accident. Those limits appear under a heading: "Uninsured Motorists **(Per Policy)** Bodily Injury" (bold emphasis in original). The Policy listed a single premium of $45.35 for UM coverage. The "Limit of Liability" section of the UM Coverage Endorsement stated:

> The limit of liability shown in the Declarations for each person for [UM] Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any such accident. …
>
> This is the most we will pay regardless of the number of:
> 1. "Insureds";
> 2. Claims made;
> 3. **Vehicles shown in the Declarations**; or
> 4. Vehicles involved in the accident.

(Bold emphasis added.)

By agreement of the parties, Nationwide paid $25,000 in UM benefits to Tanya and Billy and then filed a declaratory judgment action to litigate the issue of whether it owed another $25,000 from that coverage. Thereafter, Tanya and Nationwide filed cross

---

[2] All references to statutes are to RSMo (2000). All references to rules are to Missouri Court Rules (2015).

motions for summary judgment. The trial court decided that the anti-stacking language in the Policy was unenforceable because it violated Missouri public policy established by § 379.203. The court entered judgment against Nationwide and ordered it to pay an additional $25,000 in UM coverage to Tanya and Billy. This appeal followed.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Rule 74.04(c); ***ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.***, 854 S.W.2d 371, 380 (Mo. banc 1993). The amount of UM coverage provided by Nationwide involves the interpretation of its insurance policy and the application of § 379.203 to that policy. Both are questions of law which we review *de novo. See **Karscig v. McConville**,* 303 S.W.3d 499, 502 (Mo. banc 2010); *see **Rutledge v. Bough***, 399 S.W.3d 884, 886 (Mo. App. 2013).

## Discussion and Decision

In Point I, Nationwide contends the trial court erred in granting summary judgment because the Policy unambiguously provides a single unit of UM coverage on a per-policy basis with a per-person limit of $25,000. We find no merit in this argument.

We begin our analysis by reviewing § 379.203. In relevant part, this statute states:

> No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto … in not less than the limits for bodily injury or death set forth in section 303.030, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

3

§ 379.203.1. The mandatory coverage amount is $25,000 per person and $50,000 per accident. § 303.030.5. When two or more vehicles are provided with UM coverage via a single policy, it is well-settled that the public policy expressed by § 379.203.1 prohibits an insurer from limiting a named insured to recovering only one of the UM coverages, even if the policy contains unambiguous language to that effect. ***Cameron Mutual Ins. Co. v. Madden***, 533 S.W.2d 538, 544-45 (Mo. banc 1976). This principle has been repeatedly reaffirmed by Missouri appellate courts.[3] Therefore, Nationwide's argument that its policy language unambiguously provides only one limit of UM coverage is misdirected.

Nationwide argues, however, that the public policy established by § 379.203 does not apply here because the Policy purports to only charge a premium for one UM coverage. According to Nationwide, it complied with the principle from ***Cameron Mutual*** that "the law does not permit insurers to collect a premium for certain coverage" and then take that coverage away. *See **Cameron Mutual***, 533 S.W.2d at 545. We find that argument unpersuasive. The public policy established by § 379.203 requires an

---

[3] *See, e.g.*, ***Ritchie v. Allied Prop. & Cas. Ins. Co.***, 307 S.W.3d 132, 135 (Mo. banc 2009) (when multiple policies or multiple UM coverages are in place, insurers are prohibited from including policy language precluding stacking of the coverage provided under multiple policies or coverage provisions); ***Krombach v. Mayflower Ins. Co.***, 827 S.W.2d 208, 212 (Mo. banc 1992) (the public policy expressed in § 379.203 prohibits policy provisions from limiting the insured to recovery of only one UM coverage when two cars are covered by a single policy); ***Kennedy v. Safeco Ins. Co. of Illinois***, 413 S.W.3d 14, 15 n.2 (Mo. App. 2013) (Missouri public policy requires that UM coverages must be allowed to be stacked, and contrary policy language denying such stacking is unenforceable); ***Blumer v. Auto. Club Inter-Ins. Exch.***, 340 S.W.3d 214, 220 (Mo. App. 2011) (because a policy exclusion violated the public policy in § 379.203, the insured was entitled to stack the UM coverages for the two insured vehicles); ***Nolan v. Am. States Preferred Ins. Co.***, 851 S.W.2d 720, 724 (Mo. App. 1993) (public policy requires UM coverage to be stacked when two vehicles are insured under a single policy); ***Husch by Husch v. Nationwide Mut. Fire Ins. Co.***, 772 S.W.2d 692, 693-94 (Mo. App. 1989) (the public policy in § 379.203 prohibits the insurer from limiting an insured to only one of the UM coverages provided by a policy insuring two autos).

4

insurer to provide UM coverage, but the statute does not condition the mandatory nature of such coverage upon the explicit payment of a premium for it. In *Oliver v. Cameron Mutual Ins. Co.*, 866 S.W.2d 865 (Mo. App. 1993), the eastern district of this Court rejected an argument like that made by Nationwide here:

> Cameron also relies upon the language of the original *Cameron* case, *supra*, that premised allowance for stacking upon the concept that separate premiums were paid for the two vehicles. We are not convinced that language was intended to impose a restriction based upon the appearance of a separate charge in the declarations section of the policy.

*Id*. at 869. We agree with this conclusion and with the eastern district's further observation that "[a]ll coverages provided by a policy are presumably included in the premium, either directly or indirectly." *Id*. Because the anti-stacking language in Nationwide's policy violates the public policy established by § 379.203, that language is unenforceable and the UM coverages in the policy can be stacked. *See, e.g.*, *Blumer*, 340 S.W.3d at 219. Accordingly, the trial court did not err by entering summary judgment in favor of Tanya for the additional $25,000 in UM coverage. Point I is denied.

In Point II, Nationwide contends it had no further obligation to provide UM coverage beyond the first $25,000 per person limit because the public policy established by § 379.203 does not require an insurer to issue separate units of UM coverage for each vehicle listed in a single auto insurance policy. Nationwide cites *Becker v. Allied Prop. & Cas. Ins. Co.*, 422 S.W.3d 434 (Mo. App. 2013) and *Chandler v. Allied Prop. & Cas. Ins. Co.*, 443 S.W.3d 662 (Mo. App. 2014) to support its argument.

Nationwide's argument fails because it ignores well-settled Missouri law allowing stacking of UM coverages when multiple vehicles are insured by a single policy. *See* fn.3, *supra*. The *Becker* and *Chandler* cases are distinguishable because they involved underinsured motorist, liability or med-pay coverages. In *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132 (Mo. banc 2009), our Supreme Court explained:

5

Missouri statutes do not also mandate *underinsured motorist* coverage. Consequently, "the existence of the [underinsured motorist] coverage and its ability to be stacked are determined by the contract entered between the insured and the insurer." This means that if the policy language is unambiguous in disallowing stacking, the anti-stacking provisions are enforceable. "If, however, policy language is ambiguous [as to stacking], it must be construed against the insurer," and stacking will be allowed.

*Id*. at 135 (emphasis in original; citations omitted). That same review of the contract language was used in *Chandler* to uphold the trial court's ruling that the insured's liability and med-pay coverages could not be stacked. *Chandler*, 443 S.W.3d at 668; *see also O'Rourke v. Esurance Ins. Co.*, 325 S.W.3d 395, 398 (Mo. App. 2010) (holding that the policy, which unambiguously prevented stacking of the liability coverage provided by one policy insuring two vehicles, did not violate the Motor Vehicle Financial Responsibility Law in § 303.190). Therefore, *Becker* and *Chandler* do not support Nationwide's argument that Tanya cannot stack the UM coverages of the two vehicles insured by the Policy. Accordingly, the trial court did not err by entering summary judgment in favor of Tanya for the additional $25,000 in UM coverage. Point II is denied.

The judgment of the trial court is affirmed.


JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

WILLIAM W. FRANCIS, JR., J. – CONCUR