**C. Patrick HERRING and Clarann Herring, et al, Appellants,**

v.

**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Respondent.**

**No. WD 60491.**

Missouri Court of Appeals, Western District.

Dec. 24, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 28, 2003.

Application for Transfer Denied March 4, 2003.

Kenneth Blair McClain, Independence, H. Kent Desselle, Scott B. Hall, Independence, for Appellants.

Julie Joan Gibson, Kansas City, for Respondent.

RONALD R. HOLLIGER, Judge.

This appeal concerns the same issue extensively discussed by our opinion in *Dollard v. Depositors Ins. Co.*, 96 S.W.3d 885, (Mo.App.2002). That issue is whether an insurance policy can condition payment of the full replacement cost of damaged personal property upon the actual repair or replacement of the property where the insured has opted for a money payment rather than repair or replacement under § 379.150, RSMo 2000.

The Herrings purchased "replacement cost" insurance from Prudential Insurance Company. During the term of the policy, their home was burglarized, resulting in loss or damage to various items of personal property. They made a claim against their homeowner's coverage and a dispute arose as to the value of the property. Prudential paid a portion of the loss but withheld $1081.25 claiming that the amount represented depreciation. Prudential represented that, in accordance with the terms of the policy, it would pay the withheld amount once the property had actually been repaired or replaced.

The Herrings brought suit against Prudential, seeking the withheld funds, arguing that Prudential's retention of the funds (essentially requiring the insured to self-insure that portion of the loss) violated § 379.150, RSMo.[1] Cross-motions for summary judgment were filed. Prudential's motion contended that their practice did not violate Missouri law and that the Herrings had failed to comply with the re-placement condition of the policy.

The trial court entered summary judgment in favor of Prudential. This appeal follows.

### POINT ON APPEAL

In a single point on appeal, the Herrings claim that the trial court erred in granting Prudential's motion for summary judgment and denying their cross-motion for summary judgment. They contend that policy provisions that permit insurers to withhold depreciation from a valid replacement cost claim are unenforceable under Missouri law.

Prudential's second argument in reply to the Herrings' point on appeal is that the trial court correctly granted judgment in its favor. Prudential contends that § 379.150, RSMo, requires only payment of "an amount equal to the damage done," which is the actual cash value of the property. That actual cash value was paid, and Prudential was willing to pay the difference between that actual cash value and the actual cost to repair or replace the property.

### STANDARD OF REVIEW

Our review of a grant of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). In conducting that review, we must view the evidence in the light most favorable to the non-movant. *Id.* Viewed in that light, if there remains a genuine dispute of material fact or if the facts do not entitle the movant to judgment as a matter of law, then we must reverse the judgment below. *See id.*

Generally, the denial of a motion for summary judgment is not a final judgment that may be reviewed on appeal. *See First Nat'l Bank of Annapolis, N.A. v. Jefferson Ins. Co. of New York*, 891 S.W.2d 140, 141 (Mo.App.1995). When the merits of that motion, however, are inextricably intertwined with the issues in an appealable summary judgment in favor of another party, then that denial may be reviewable. *See id.*

Here, the sole issue appears to be an issue of law, and the Herrings' motion for summary judgment is intertwined with

---

1. This statutory section contains language that deals with insurance coverage against *fire loss*. Prudential, in its brief states: "Prudential does not concede that § 379.150, RSMo, applies to this theft loss. The statute specifically refers to losses by fire. For purposes of the motion for summary judgment only, Prudential (and apparently the trial court) assumed that it applies." At least one decision, however, has apparently considered that § 379.150 might potentially apply to situations other than losses due to fire. *See, e.g., Cady v. Hartford Fire Ins. Co.*, 554 S.W.2d 499, 503 (Mo.App.1977).

Prudential's. Indeed, the denial of one motion leads directly to the conclusion that the other should be granted. As such, we should reach the merits of the denial of the Herrings' motion.

### DISCUSSION

We have discussed this precise issue in *Dollard v. Depositors Ins. Co.*, 96 S.W.3d 885 (Mo.App.2002). There are no distinguishing facts or legal arguments in this case. The Herrings admit that there is no ambiguity in the insurance policy and that the sole question is whether § 379.150 prohibits the withholding of depreciation amounts in a replacement cost policy until property is actually repaired or replaced. We have held that the statute does not bar enforcement of that policy provision.

The judgment is affirmed.

PATRICIA A. BRECKENRIDGE, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.