**G & J HOLDINGS, LLC, Appellant,**

v.

**SM PROPERTIES, LP,**
**Respondent/Cross–**
**Appellant.**

**No. ED 98371.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 29, 2013.

---

Gregory H. Wolk, St. Louis, MO, for appellant.

Daniel J. Welsh, St. Louis, MO, for respondent/cross-appellant.

PATRICIA L. COHEN, Judge.

### Introduction

G & J Holdings, L.L.C. (Plaintiff) appeals the judgment entered by the Circuit Court of St. Louis County in favor of SM Properties, L.P. (Defendant) on three counts of Plaintiff's petition and in favor of Plaintiff on the remaining count. Plaintiff claims the trial court erred in: (1) granting Defendant's motion for summary judgment as to Plaintiff's claims for breach of lease and rescission; (2) denying Plaintiff's motion for summary judgment concerning its claims for breach of lease; and (3) awarding attorneys' fees to Defendant. In its cross-appeal, Defendant asserts that the trial court erred in awarding Defendant less than the full amount of attorneys' fees it incurred. We reverse the judgment in part, decline to address Defendant's cross-appeal, deny the motions for attorneys' fees on appeal, and remand the case for further proceedings.[1]

### Factual and Procedural Background

On December 3, 2007, Plaintiff and Defendant entered into a five-year lease for a

---

1. Plaintiff and Defendant each filed motions, which were taken with the case, seeking attorneys' fees on appeal as the prevailing party. In light of our partial reversal of the judgment, we deny both motions.

retail store (Premises) at Des Peres Center (Center). Plaintiff leased the Premises from Defendant for operation of a printer cartridge refilling service.

On March 1, 2010, Defendant erected a construction fence in the parking lot of the Center. On May 3, 2010, Defendant began renovating the Center. Plaintiff vacated the Premises on or about June 23, 2010.

Plaintiff filed a four-count petition in the Circuit Court of St. Louis County. In Count I, Plaintiff claimed that Defendant breached the lease by committing the following acts, among others, prior to Plaintiff's departure: (1) closing "a large portion of" the parking area serving the Premises; (2) "board[ing] up" the storefront of the Premises; and (3) demolishing the sidewalk in front of the Premises. In Count II, Plaintiff asserted that Defendant's breaches of the lease as alleged in Count I constituted a breach of Defendant's covenant to allow Plaintiff's quiet enjoyment of the Premises. In Count III, Plaintiff sought rescission of the lease on the ground that Defendant materially breached the lease. In Count IV, Plaintiff claimed that Defendant converted Plaintiff's advertising sign.

Plaintiff filed a motion for partial summary judgment on the issue of Defendant's liability for breach of the lease as alleged in Counts I and II. Plaintiff also sought an award of its expenses and attorneys' fees.

Defendant moved for summary judgment in its favor on Plaintiff's petition.[2] In its statement of uncontroverted material facts, Defendant relied on the deposition of Earle James Kennedy III, Plaintiff's co-owner and co-manager. Mr. Kennedy stated that Defendant erected a construction fence on March 1, 2010 that "cut off the parking lot" and that Defendant closed various portions of the parking lot from May 6 through June 18 in connection with the construction. According to Mr. Kennedy, photographs taken on May 25 showed "how [Defendant] boarded up the front" of the Premises and a May 27 photograph depicted "how the sidewalks were all torn up then." Mr. Kennedy also stated that Defendant prohibited access to the sidewalk in front of the Premises from May 13 through June 18 and constructed "a tunnel [of boards] with a little light [through which] people [were] supposed to access my store." In response, Plaintiff admitted these facts.

The trial court entered an order denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment as to Counts I, I, and III. The trial court did not provide a basis for its decision. Defendant moved the trial court to award it $115,496.08 in attorneys' fees and costs pursuant to section 28.10 of the lease.[3]

The trial court entered a final judgment in favor of Defendant on Counts I, II, and III and in Plaintiff's favor on Count IV in the amount of one dollar pursuant to Defendant's offer of judgment. The trial court awarded Defendant judgment in the amount of $25,000 for attorneys' fees and costs. Both parties appeal.

### Standard of Review

We review the entry of summary judgment de novo. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,*

---

**2.** Defendant also sought summary judgment on its counterclaim for breach of lease and breach of guaranty. Defendant subsequently dismissed the counterclaim without prejudice.

**3.** Section 28.10 provided: "In the event that either party hereto shall bring legal action against the other party, then the prevailing party shall be entitled to reimbursement from the other party for all expenses thus incurred, including a reasonable attorney's fee."

854 S.W.2d 371, 376 (Mo. banc 1993). "The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.* "Summary judgment is designed to permit the trial court to enter judgment, without delay, where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." *Id.* Thus, "[t]he propriety of summary judgment is purely an issue of law." *Id.* "Summary judgment is an extreme and drastic remedy and we exercise great caution in affirming it because the procedure cuts off the opposing party's day in court." *Conrad v. Waffle House, Inc.*, 351 S.W.3d 813, 820 (Mo.App. S.D.2011).

"As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment." *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376. "[I]f the trial court fails to specify the grounds upon which it granted summary judgment, we will affirm the grant of summary judgment if it is proper under any theory supported by the record and presented on appeal." *Conway v. St. Louis County*, 254 S.W.3d 159, 164 (Mo. App. E.D.2008).

When reviewing a trial court's grant of summary judgment, this court views the record in the light most favorable to the party against whom summary judgment was entered. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376. "Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion." *Id.* "We accord the non-movant the benefit of all reasonable inferences from the record." *Id.*

## Discussion

### A. Defendant's Motion for Summary Judgment

A defendant moving for summary judgment must demonstrate: (1) facts negating one or more elements of the plaintiff's claim; or (2) that the plaintiff "cannot and will not be able to prove one or more elements of [its] claim." *Highfill v. Hale*, 186 S.W.3d 277, 280 (Mo. banc 2006). "Regardless of which of these ... means is employed by the [defendant], each establishes a right to judgment as a matter of law." *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381. "Where the facts underlying this right to judgment are beyond dispute, summary judgment is proper." *Id.* However, "if the movant requires an inference to establish his right to judgment as a matter of law, and the evidence reasonably supports any inference other than (or in addition to) the movant's inference, a genuine dispute exists and the movant's prima facie showing fails." *Id.* at 382.

#### 1. Breach of Lease

In its first point on appeal, Plaintiff argues the trial court erred in granting Defendant's motion for summary judgment as to Plaintiff's claims in Counts I and II that Defendant breached its obligations under the lease. Specifically, Plaintiff contends that Defendant failed to set forth undisputed facts negating any element of Plaintiff's claims. Defendant counters that the undisputed facts demonstrate that it did not breach the lease and that Plaintiff did not establish actual damages.

"A lease in Missouri acts as both a conveyance and a contract, and a damaged party has available the usual contract remedies in the event a provision of a lease is breached including damages, reforma-

tion and rescission of the contract." *Campus Lodge of Columbia, Ltd. v. Jacobson,* 319 S.W.3d 549, 552 (Mo.App.W.D.2010) (quotation omitted). "To establish a prima facie case of breach of lease, a plaintiff must establish the existence of a valid lease, mutual obligations arising under the lease, that defendant did not perform, and that plaintiff was thereby damaged by the breach." *Id.* (quotation omitted). Defendant contends that Plaintiff cannot prove that either Defendant failed to perform its obligations under the lease or that Plaintiff was damaged.

### a. Liability

■ Plaintiff asserted in Count I that Defendant failed to perform its obligations under the lease by, among other things, closing "a large portion of" the parking area, "board[ing] up" the storefront of the Premises, and demolishing the sidewalk in front of the Premises. Defendant maintains that it did not breach the lease by closing the parking lot because section 7.4 of the lease gave Defendant exclusive control over parking areas. Section 7.4 provided that:

> Landlord may, from time to time, close off any part of the parking areas for such time as Landlord deems necessary for the benefit of all of the tenants in the Center or in the event of any emergency or any unusual conditions, and Landlord's *reasonable* determination of the need therefor shall be conclusive and binding on all persons whomsoever.

(emphasis added). Thus, implicit in Defendant's argument is its assertion that it made a *"reasonable* determination of the need" to close the parking lot. (emphasis added).

■ "Generally, a question of reasonableness is a question of fact, not a question of law." *Briar Rd., L.L.C. v. Lezah Stenger Homes, Inc.,* 256 S.W.3d 131, 136 (Mo.App. S.D.2008). A party to a lease acts reasonably if the party acts "according to the dictates of reason such as is just, fair and suitable in the circumstances." *Haack v. Great Atl. & Pac. Tea Co.,* 603 S.W.2d 645, 650 (Mo.App. E.D.1980) (quotation omitted). Every case involving a question of reasonableness "must be judged on its own particular facts." *Id.*

■ Mr. Kennedy stated in his deposition that Defendant erected a construction fence on March 1, 2010 that "cut off the parking lot" and that Defendant closed various portions of the parking lot from May 6 through June 18 in connection with the construction. The record does not reveal how many parking spaces were available to Plaintiff prior to the renovation or how many were accessible at any given time during the period from March 1 through June 18. Furthermore, the record is silent concerning how much of the parking lot Defendant needed to close to accomplish the renovation. Without more specific information, Defendant requires an inference to establish that it acted reasonably in closing portions of the parking lot. While the evidence reasonably supports that inference, the record also reasonably supports the contrary inference. Where the defendant requires an inference and the evidence supports another inference, a genuine dispute exists and summary judgment for the defendant is inappropriate. *Lunn v. Anderson,* 302 S.W.3d 180, 193 (Mo.App. E.D.2009). Accordingly, summary judgment in Defendant's favor is improper. *See also Briar Rd., L.L.C.,* 256 S.W.3d at 137 (genuine dispute existed where the landlord did not include in its motion specifics concerning communications that, according to the landlord, demonstrated that it acted reasonably).

■ Article 22 of the lease provided: "Landlord may enter upon the Premises

without charge at any reasonable time ... for any legitimate purpose, including, but not limited to ... making or facilitating any repairs, alterations, additions or improvements to the Premises or any other part of the Center...." Defendant argues that its placement of boards on the windows of Plaintiff's storefront did not constitute a breach of the lease because article 22 permitted Defendant to access the Premises, including the storefront, to make improvements to the Center. By relying on article 22, Defendant implicitly argues that it had a legitimate purpose in affixing boards to the windows and that it did so at a reasonable time. Whether Defendant acted either at a reasonable time or for a legitimate purpose is a fact question. *See Briar Rd., LLC,* 256 S.W.3d at 136.

According to Mr. Kennedy's deposition testimony, photographs taken on May 25 showed "how [Defendant] boarded up the front" of the Premises. Yet the record is devoid of any other information regarding the "board[ing] up" of the storefront, such as: (1) the time of day Defendant affixed the boards; (2) whether the boards remained on the storefront for hours, weeks, or months; and (3) Defendant's specific purpose in covering the windows. With such limited evidence in the record, Defendant requires an inference to establish that it placed boards on the storefront at a reasonable time and for a legitimate purpose. Because the record reasonably supports inferences to the contrary, genuine issues of material fact exist that preclude summary judgment. *See Lunn,* 302 S.W.3d at 193; *see also Briar Rd., LLC,* 256 S.W.3d at 137.

■■■ Section 7.1 of the lease provided that the "Common Areas" of the Center included the sidewalks. Under section 7.9, Defendant was required to "operate, maintain and repair the Common Areas and all improvements thereon and thereto and keep them in good order, condition and repair, in a first-class condition and in accordance with the practices prevailing in first-class shopping centers." Defendant claims that it maintained the sidewalks in a first-class condition and in accordance with the practices prevailing in first-class shopping centers by replacing the sidewalks as part of the Center's renovation. Mr. Kennedy's deposition testimony and the accompanying photographs established that Defendant prohibited access to the sidewalk in front of the Premises from May 13 through June 18 and constructed "a tunnel [of boards] with a little light [through which] people [were] supposed to access [the Premises]." Mr. Kennedy also stated that a May 27 photograph depicted "how the sidewalks were all torn up then." However, neither party presented facts regarding whether closure of the sidewalks for approximately thirty-six days was in accordance with the "practices prevailing in first-class shopping centers." Thus, genuine issues of material fact exist concerning whether Defendant kept the sidewalks in a first-class condition and according to practices prevailing in first-class shopping centers.

■■■ Section 20.1 of the lease provided: "Landlord hereby guarantees that so long as Tenant performs and keeps all of Tenant's obligations under this Lease, Tenant shall have the right to quiet enjoyment and possession of the Premises." In Count II, Plaintiff asserted that Defendant violated the covenant of quiet enjoyment by breaching the lease and thereby constructively evicting Plaintiff. "To establish a breach of a covenant of quiet enjoyment, evidence must be presented that shows that lessee has been actually or constructively evicted from the leased premises." *City of St. Joseph, Mo. v. St. Joseph Riverboat Partners,* 141 S.W.3d 513, 517 (Mo.

App. W.D.2004). "A constructive eviction occurs when the lessor, by wrongful conduct or by the omission of a duty placed upon him in the lease, substantially interferes with the lessee's beneficial enjoyment of the demised premises." *Id.* (quotation omitted). Plaintiff bases its claim that Defendant substantially interfered with its beneficial enjoyment of the Premises on the facts alleged in Count I. We have determined that essential facts underlying Count I are disputed. Consequently, the trial court improperly granted summary judgment on Plaintiff's claim that Defendant breached the covenant of quiet enjoyment.

### b. Damages

■■■ Defendant maintains that the trial court properly entered summary judgment because Plaintiff did not sustain any actual damages resulting from the construction activities given that it "was losing money before the renovation project began." However, Defendant's argument ignores the "fundamental precept of contract law that nominal damages are available where a contract and its breach are established." *Hanna v. Darr*, 154 S.W.3d 2, 5 n. 2 (Mo.App. E.D.2004). "The existence of nominal damages is sufficient to preclude summary judgment" on a breach of contract claim. *Glenn v. HealthLink HMO, Inc.*, 360 S.W.3d 866, 872 (Mo.App. E.D.2012). Accordingly, Defendant's argument that Plaintiff failed to prove actual damages does not suffice to negate the damages element of Plaintiff's breach of lease claims. *See Shirley's Realty, Inc. v. Hunt* 160 S.W.3d 804, 808 (Mo.App. W.D. 2005). Point granted.

### 2. Rescission

■■■ In its second point, Plaintiff asserts that the trial court erred in granting Defendant's motion for summary judgment with regard to Plaintiff's claim for rescis-

sion of the lease. More specifically, Plaintiff alleges that: (1) the trial court failed to analyze whether Defendant's breach of the lease was material; and (2) Defendant did not address the materiality issue in its motion and thus did not establish that it was entitled to judgment as a matter of law. Defendant maintains that because the trial court concluded that Defendant did not breach the lease, the trial court was not required to consider whether a material breach existed.

■■■ "If one party to a contract materially breaches that contract, the aggrieved party may cancel the contract and be relieved of its obligation under the contract." *Greenstreet v. Fairchild*, 313 S.W.3d 163, 169 (Mo.App. S.D.2010). "A material breach for the purpose of justifying rescission is one where the breach relates to a vital provision of the agreement, i.e. one that goes to the very substance or root of the agreement and cannot relate simply to a subordinate or incidental matter." *Patel v. Pate*, 128 S.W.3d 873, 878 (Mo.App. W.D.2004). "Whether a breach of contract is material is a question of fact." *Greenstreet*, 313 S.W.3d at 169 (quotation omitted).

Defendant does not appear to disagree that materiality is a question of fact but rather argues only that the trial court properly found that Defendant did not breach the lease. However, we have determined that genuine issues of material fact preclude summary judgment in Defendant's favor on Plaintiff's claims for breach of lease. Because the question of whether Defendant breached the lease remains at issue, summary judgment on Plaintiff's claim for rescission due to a material breach is improper. Point granted.

### B. Plaintiff's Motion for Summary Judgment

■■■ In its third point, Plaintiff claims the trial court erred in denying its motion

for summary judgment on the issue of Defendant's liability for breach of the lease. In particular, Plaintiff argues that Defendant's responses to Plaintiff's statement of undisputed facts constituted admissions of all facts necessary for the trial court to determine Defendant's liability as a matter of law. Defendant contends that Plaintiff's statement of undisputed facts was deficient because it did not contain facts supported by citations to the record and that the undisputed facts established that Defendant did not breach the lease.

Generally, a trial court's denial of a motion for summary judgment is not subject to appellate review. *Bob De-George Associates, Inc. v. Hawthorn Bank,* 377 S.W.3d 592, 596 (Mo. banc 2012). In "rare circumstances," this court will review a denial of a motion for summary judgment "when its merits are intertwined completely with a grant of summary judgment in favor of an opposing party." *Id.* at 596–97. We are not required to review the denial of a motion for summary judgment when the record before us is incomplete and factual disputes exist that affect the propriety of the motion. *See THF Chesterfield N. Dev., L.L.C. v. City of Chesterfield, Mo.,* 106 S.W.3d 13, 19 (Mo. App. E.D.2003). Here, we have determined that genuine issues of material fact preclude summary judgment in Defendant's favor on Plaintiff's claims for breach of lease. Given the incomplete record before us and the existence of factual disputes that affect Plaintiff's motion for summary judgment, we decline to review the trial court's denial of Plaintiff's motion.

Plaintiff argues that this court must review the denial of its motion because the merits of the motion are intertwined with the propriety of the trial court's grant of summary judgment in Defendant's favor. In support of this argument, Plaintiff cites *Lopez v. American Family Mutual Insur-*

*ance Co.,* 96 S.W.3d 891 (Mo.App. W.D. 2002). *Lopez* is distinguishable. There, the court held that "the sole issue appear[ed] to be an issue of law" such that "the denial of one motion [led] directly to the conclusion that the other should be granted." 96 S.W.3d at 892. Accordingly, the *Lopez* court addressed the merits of the trial court's denial of the motion for summary judgment. *Id.* Here, unlike in *Lopez,* the record demonstrates that genuine issues of material fact exist. Thus, this is not a case in which the sole issue is a question of law. Point denied.

## C. Attorneys' Fees

In its fourth point, Plaintiff asserts that the trial court erred in awarding attorneys' fees to Defendant as the prevailing party. Specifically, Plaintiff maintains that Defendant did not properly plead its claim for attorneys' fees and that each party prevailed in the legal action it brought against the other party. Defendant counters that the issue of attorneys' fees was properly before the trial court and that Defendant was the prevailing party. Given our reversal of the judgment in Defendant's favor on Counts I, II, and III, we reverse the trial court's award of attorneys' fees to Defendant. Point granted.

In its sole point on cross-appeal, Defendant argues that the trial court erred in awarding it less than the full amount of attorneys' fees it incurred. In response, Plaintiff contends that Defendant's point relied on is deficient because Defendant did not describe why the purported trial court error requires reversal in the context of this case. We need not resolve this point in light of our reversal of the trial court's award of attorneys' fees to Defendant.

## Conclusion

We reverse the summary judgment in Defendant's favor on Counts I, II, and III

and the award of attorneys' fees to Defendant. We decline to address Defendant's cross-appeal in light of our resolution of Plaintiff's appeal. We deny both parties' motions for attorneys' fees on appeal. The case is remanded for further proceedings in accordance with this opinion.

LAWRENCE E. MOONEY, P.J., and KURT S. ODENWALD, J., concur.