

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| AMALACO, LLC, D/B/A MJM RENOVATION, | ) | No. ED107307 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 17SL-CC04137 |
| | ) | |
| CHRISTY BUTERO and BRIAN HOUSELY, | ) | Honorable Stanley J. Wallach |
| | ) | |
| Respondents. | ) | Filed: December 17, 2019 |

### OPINION

This landlord-tenant dispute between Appellant Amalaco, LLC (Landlord) and Respondents Christy Butero and Brian Housely (Tenants) arose when Tenants, in violation of their leases and of a local ordinance, sublet the two rental properties at issue through the online short-term rental service Airbnb.[1] After Tenants' subletting activity triggered a municipal citation for the ordinance violation, Landlord terminated the leases, Tenants vacated both premises, and Landlord filed the present suit for breach of contract and unjust enrichment in which Landlord sought as damages the money Tenants received through the illegal subletting as well as nominal damages and for civil conspiracy in which Landlord sought actual and punitive damages.

---

[1] As alleged in Landlord's petition, "Airbnb is an online company which operates an online marketplace and hospitality service (also referred to as Airbnb) for people to lease or rent short-term lodging. By using Airbnb's online marketplace, 'hosts' can effectively enter into short-term sub-leases for properties and receive compensation from the short-term sub-lease."

In granting Tenants' joint motion to dismiss, the trial court held that since the money had been acquired through illegal conduct, Landlord could not recover those funds under Missouri law and therefore failed to state any claim for relief. While we affirm the dismissal of the unjust enrichment claims, we do so for reasons different than the trial court. However, we reverse the dismissal of Landlord's claims for breach of contract because although we agree that Landlord is not entitled to the Airbnb-generated money under the terms of the leases or Missouri law, we must reverse to allow Landlord to pursue nominal damages. Moreover, with respect to Landlord's civil conspiracy claim, we reverse that dismissal because Landlord has adequately stated a claim on that basis.

## Background

In April 2014, Tenants entered into separate leases with Landlord for two apartments in a building located in University City, Missouri. Butero leased a first-floor apartment and Housely a second-floor apartment. Both leases specified that Tenants "[s]hall not assign this lease or sublease or rent any portion of the property to anyone else[.]" The leases also stated that "Tenant[s] shall comply with all applicable laws regulating the use of the property" and that "Landlord may terminate [these leases] if Tenant[s]. . .engage in any illegal activity on or in the propert[ies]." Finally, the leases provided:

> In the event of default by Tenant[s] of any rent payment or in the performance of or compliance with any agreements contained herein, Landlord shall, without demand, be entitled to possession of the property. The remedies provided for in this paragraph shall be in addition to the other remedies provided for herein or as provided by law.

Sometime after they entered into the leases and without Landlord's knowledge, Tenants subleased the apartments for short-term occupancies through Airbnb in violation of the above-quoted terms of the lease. Landlord discovered this activity when University City cited Landlord

2

because Tenants' Airbnb activity violated a municipal ordinance. Upon receipt of this citation, Landlord terminated both leases without incident and Tenants vacated the apartments.

Landlord then brought this action seeking the money Tenants generated through their Airbnb activity as well as actual, punitive, and nominal damages. After the trial court granted Tenants' motion to dismiss all claims, this appeal follows.

## Standard of Review

This Court reviews the grant of a motion to dismiss *de novo*. *Mosley v. English*, 501 S.W.3d 497, 503 (Mo.App.E.D. 2016). Appellate review of the trial court's dismissal for failing to state a cause of action is solely a test of the adequacy of plaintiff's petition. *State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 329 (Mo.banc 2009) (quoting *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 464 (Mo.banc 2001)). It assumes all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. *Id.* The petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. *Id.*

## Discussion

I.  *Tenants' failure to plead contractual illegality as required by Rule 55.08 is inapposite because the doctrine of contractual illegality does not apply.*

In its first point on appeal, Landlord asserts that the trial court erred because its judgment rested on contractual illegality which Tenants waived by failing to plead it or otherwise raise it in their motion to dismiss. Although we agree that contractual illegality is an affirmative defense that under Rule 55.08 must be pled or else it is waived, *McCracken v. Wal-Mart Stores E., LP*, 298 S.W.3d 473, 476 (Mo.banc 2009), we reject Landlord's argument because we find the doctrine of contractual illegality to be inapplicable to this case.

3

Under the doctrine of contractual illegality, any agreement requiring the performance of an illegal act is void based on illegality of consideration. *Rice v. James*, 844 S.W.2d 64, 69 (Mo.App.E.D. 1992). For instance, in *Rice*, this Court ruled that consideration for an oral agreement by defendant, a licensed electrical contractor, to obtain a work permit for use by plaintiff, an unlicensed contractor, in exchange for $10,000 was illegal because it required violating a city ordinance that specifically prohibited assisting unlicensed contractors in obtaining permits. *Id.*

Unlike *Rice*, the lease agreements at issue in this case are not void because they do not require the performance of an illegal act. Indeed, the opposite is true here because the leases specifically prohibit illegal activity. Accordingly, contractual illegality is inapplicable to this case and therefore Tenants were not required to plead illegality as an affirmative defense under Rule 55.08.

II. *Breach of contract—Landlord is not entitled to the proceeds of Tenants' Airbnb activity under the terms of the leases or Missouri law, but is entitled to pursue nominal damages as a result of Tenants' breaches.*

The most basic principle of contract law is that parties are bound by the terms of the contracts they sign. *Nitro Distrib., Inc. v. Dunn*, 194 S.W.3d 339, 349 (Mo.banc 2006). With regard to damages, a party is only entitled to receive what he contracts for or its equivalent. *Burger v. Wood*, 446 S.W.2d 436, 442 (Mo.App.S.D. 1969).

Here, there is no dispute that Tenants engaged in illegal activity when they sublet their apartments through Airbnb. Because both agreements expressly state that Landlord may terminate the leases if Tenants engage in any illegal activity on or in the properties at issue, Landlord was certainly entitled to terminate the leases upon discovery of Tenants' Airbnb activity, which it did. But terminating the leases and reacquiring possession of the properties were the only remedies

4

provided for in the leases. Importantly, neither of the leases, which are six single-spaced pages in length, provide as a remedy to Landlord the right to the proceeds generated by Tenants' subletting. Thus, predicated on the fundamental principle that parties are free to contract as they wish, *see Util. Serv. & Maint., Inc. v. Noranda Aluminum, Inc.*, 163 S.W.3d 910, 913 (Mo.banc 2005), it is reasonable to infer that had the parties intended for Landlord to be entitled to the proceeds of Tenants' subletting, they would have included that remedy in the leases.

Missouri law does, however, provide recovery for certain types of contract damages, even when they are not provided for in the contract itself. *Catroppa v. Metal Bldg. Supply, Inc.*, 267 S.W.3d 812, 818 (Mo.App.S.D. 2008). For example, in addition to the benefit of the bargain, contract damages may include damages measured by plaintiff's injury or loss of profits or damages naturally and proximately caused by the breach that were contemplated by both parties at the time the contract was made. *Id.* Ultimately, the goal in awarding damages for breach of contract is to place the injured party in the *same* position as if the contract had been performed, and the court must reject any award of damages that would elevate the injured party to a *better* position. *Guidry v. Charter Comm., Inc.*, 269 S.W.3d 520, 532-33 (Mo.App.E.D. 2008).

Pursuant to this goal, Missouri courts have recognized various types of recoverable damages. For example, in *Arcese v. Daniel Schmitt & Co.*, this Court awarded damages in the form of future rent that plaintiff would have accumulated but for defendant's breach. 504 S.W.3d 772, 783 (Mo.App.E.D. 2016). In another case, the court awarded damages in the form of costs incurred by plaintiff in preparing and arranging for an event that was subsequently cancelled due to defendant's breach. *Catroppa*, 267 S.W.3d at 818-19.

Here, Landlord asserts that it is entitled to damages in the form of proceeds generated by Tenants' Airbnb activity. These facts, as alleged, do not represent any type of recoverable damage

5

under current Missouri law. Unlike the compensatory-type damages in the aforementioned cases, here, Tenants' subletting proceeds, if awarded, would place Landlord in a better position than it was legally permitted to enjoy had the contracts been performed. *See Guidry*, 269 S.W.3d at 533. The overall purpose of awarding damages is to make the injured party whole, *R.J.S. Sec., Inc. v. Command Sec. Serv., Inc.*, 101 S.W.3d 1, 11 (Mo.App.W.D. 2003), and Landlord was made whole when it terminated the leases and reacquired possession. Had Landlord pled facts that Tenants unlawfully held over or neglected to pay rent or that Landlord incurred any expenses as a result of Tenants' violation of the University City ordinance, our conclusion might be different. But as it stands, Landlord's petition fails to identify any facts or authority that would support its entitlement to damages in the form of Tenants' subletting proceeds.

However, since Landlord's petition more than adequately pleads the existence of the written leases and Tenants' breaches of the leases, Missouri law allows Landlord to pursue nominal damages. In general, for every actionable injury there is a corresponding right to damages, and such injury arises whenever a legal right of plaintiff is violated. *Rusk Farms, Inc. v. Ralston Purina Co.*, 689 S.W.2d 671, 681 (Mo.App.E.D. 1985). If there is no inquiry as to actual damages, or none appears on inquiry, the legal implication of damages remains and nominal damages are given. *Id.* In contract cases, proof of the contract and of its breach gives rise to nominal damages. *G & J Holdings, LLC v. SM Properties, LP*, 391 S.W.3d 895, 903 (Mo.App.E.D. 2013). So here, since Landlord has adequately pled claims for breach of contract against Tenants, Landlord is entitled to seek nominal damages. Accordingly, we reverse the court's dismissal of those claims.

III.    *Unjust enrichment—Landlord is not entitled to the proceeds of Tenants' Airbnb activity because the lease contracts provide an adequate remedy at law.*

Generally, equity will not intercede if there is an adequate remedy at law. *Hammons v. Ehney*, 924 S.W.2d 834, 847 (Mo.banc 1996). The term "adequate remedy at law" typically means

6

that damages will adequately compensate the plaintiff for the injury or threatened injury. *Walker v. Hanke*, 992 S.W.2d 925, 933 (Mo.App.W.D. 1999). Where a plaintiff has entered into an express contract for the very subject matter for which he or she seeks recovery—i.e., plaintiff has agreed to an adequate remedy at law in the face of certain events—unjust enrichment does not apply, for the plaintiff's rights are limited to the express terms of the contract. *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo.App.W.D. 2010).

Here, Landlord brings claims for unjust enrichment attempting to recover the proceeds generated by Tenants' illegal activity. In doing so, Landlord fails to recognize the adequate remedy at law, which it negotiated as part of the leases, in the event Tenants engage in illegal activity in connection with the properties. Under the terms of the leases, in the event that Tenants engage in any illegal activity, Landlord is entitled to terminate the leases and recover possession. Notwithstanding that Landlord has already agreed to this particular remedy, Landlord is now seeking an additional recovery in the form of Tenants' Airbnb proceeds.

Landlord cannot, however, bring a claim for unjust enrichment where both parties have received what they intended to obtain. *See Am. Standard Ins. Co. of Wis. v. Bracht*, 103 S.W.3d 281, 293 (Mo.App.S.D. 2003). By exercising its right to terminate the leases, Landlord has utilized the remedy contemplated by the contracts. Where there is nothing here to indicate that Landlord was not adequately compensated by the contracted-for remedy, we conclude there is an adequate remedy at law and Landlord is not entitled to bring a claim for unjust enrichment.

*IV.    The trial court erred in dismissing Landlord's claim for civil conspiracy.*

A civil conspiracy is an agreement or understanding between persons to do an unlawful act. *Dueker v. Gill*, 175 S.W.3d 662, 673 (Mo.App.S.D. 2005) (quoting *Oak Bluff Partners, Inc. v. Meyer*, 3 S.W.3d 777, 780-81 (Mo.banc 1999)). The term unlawful, as it relates to civil

conspiracy, is not limited to conduct that is criminally liable, but rather may include individuals associating for the purpose of causing or inducing a breach of contract or business expectancy. *Lyn-Flex West, Inc. v. Dieckhaus*, 24 S.W.3d 693, 701-02 (Mo.App.E.D. 1999). So, a person who by conspiring with another or by collusive agreement with him assists him to violate his contract with a third person and to obtain the benefit of that contract for himself commits a civil conspiracy. *Rosen v. Alside, Inc.*, 248 S.W.2d 638, 643 (Mo. 1952).

In its petition, Landlord asserts that Tenants agreed to assist each other in breaching their respective leases by subletting their apartments through Airbnb. This states a cause of action for civil conspiracy. The alleged unlawful act is the breach occasioned by subletting the apartments through Airbnb, and Tenants' agreement to do so supplies the conspiracy element. Accordingly, we find that Landlord properly stated a claim for civil conspiracy and we reverse the trial court's dismissal of that claim.

## Conclusion

For the reasons set forth above, we affirm the trial court's dismissal of the unjust enrichment claims, but we reverse and remand with respect to Landlord's claims for breach of contract and civil conspiracy.

_____
James M. Dowd, Judge

Sherri B. Sullivan, P.J., and
Robin Ransom, J., concur.

8