

# Missouri Court of Appeals

## Southern District

### Division Two

KEANNA P. BRANCH KERPERIEN, )
Natural Daughter of Decedents, )
STEPHANIE KERPERIEN and JAMES )
KERPERIEN, )
                              )
    Plaintiff-Respondent, )
                              )
v. ) No. SD36236
                              )
COLUMBIA MUTUAL INSURANCE ) **Filed: March 12, 2020**
COMPANY, MEMBER OF COLUMBIA )
INSURANCE GROUP, INC., )
                              )
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Stephen Mitchell

### REVERSED AND REMANDED WITH DIRECTIONS

Columbia Mutual Insurance Company ("Insurer") appeals the judgment that declared the language of Insurer's insurance policy with Jeffrey Todd ("Insured") to be ambiguous and allowed the liability coverage on four separate vehicles to be "stacked." Because the unambiguous language of the policy prohibits such stacking, we reverse the judgment and direct the trial court upon remand to enter a judgment in favor of Insurer.

1

**The Uncontroverted Material Facts**[1]

On May 13, 2016, James and Stephanie Kerperien were killed when a 2015 Chevrolet Silverado 3500 dually truck ("the Chevy truck") being driven by Shawn Skaggs crossed the centerline and hit them head-on ("the accident").[2] The Chevy truck was insured under Policy No. FAPMO1000004121 ("the Columbia Policy"). In addition to the Chevy truck, the Columbia Policy provided liability coverage for three other described vehicles that were not involved in the accident.

Plaintiff filed a wrongful death action against Shawn Skaggs and Insured (as to Insured, both individually and d/b/a Todd Farms, GT Ag, LLC, G & T Express, LLC and Thirstyz, LLC) ("the wrongful death suit"). In the wrongful death suit, Insurer contended that its policy limit applicable to the accident was $500,000 -- the per-accident liability limit for the Chevy truck. Plaintiff maintained that the limits should stack, producing a total of $2,000,000 in liability coverage (four insured vehicles, each carrying $500,000 in liability coverage). The parties settled the wrongful-death suit for $500,000, with an agreement that Plaintiff would pursue this declaratory judgment action to have the trial court decide whether the Columbia Policy limits for the accident were $500,000 or $2,000,000.

In accordance with that agreement, Plaintiff filed the declaratory-judgment action against Insurer, seeking a declaration that the Columbia Policy provided $2,000,000 in

_____

[1] The declaratory judgment was entered via the summary-judgment process set forth in Rule 74.04. Because the respondent in this appeal, Keanna P. Branch Kerperien (who was the plaintiff in the underlying wrongful death action, hereinafter "Plaintiff"), did not file any response to Insurer's Statement of Uncontroverted Material Facts ("SUMF"), those alleged uncontroverted material facts are deemed admitted. Rule 74.04(c)(2). *Reverse Mortg. Sols., Inc. v. Estate of Hunter*, 479 S.W.3d 662, 666-67 (Mo. App. W.D. 2015). In any event, Plaintiff expressly admits that "[t]he facts of the present matter are not in dispute and the issue before this [c]ourt is strictly one of law involving the interpretation of an insurance policy." All rule references are to Missouri Court Rules (2019).

[2] The Chevy truck was owned by Insured, and Shawn Skaggs was employed by Insured at the time of the accident.

liability coverage for the accident. Insurer and Plaintiff filed cross motions for summary

judgment on the liability-limit issue. The trial court entered its judgment after granting

Plaintiff's motion for summary judgment and denying Insurer's motion. The judgment

declared that (1) the language of the Columbia Policy was ambiguous, and (2) the limit of

liability for the accident was "the aggregate of the Limit entries shown in Item Three of

the Declarations, $2,000,000."

## Analysis

> Summary judgment is appropriate when there is no dispute as to
> the material facts and the movant has established a right to judgment as a
> matter of law. *ITT Commercial Finance v. Mid–America Marine,* 854
> S.W.2d 371, 381–82 (Mo. banc 1993). In the present case, as the parties
> concede, there is no dispute as to the material facts. Both issues involve
> only the interpretation of an insurance policy, which is a question of law
> that this Court reviews de *novo. See McCormack Baron Management
> Services, Inc. v. American Guarantee & Liability Ins. Co.,* 989 S.W.2d
> 168, 171 (Mo. banc 1999).

*Karscig v. McConville*, 303 S.W.3d 499, 502 (Mo. banc 2010).

"The starting point in determining the rights and liabilities of the parties is the

insurance contract." *Hall v. Allstate Ins. Co.*, 407 S.W.3d 603, 608 (Mo. App. E.D.

2012). The parties agree that the following are the relevant provisions of the Columbia

Policy:[3]

### Section II – Covered Autos Liability Coverage

### A. Coverage

We will pay all sums an "insured" legally must pay as damages

because of "bodily injury" or "property damage" to which this insurance

applies, caused by an "accident" and resulting from the ownership, maintenance

or use of a covered "auto".

---

[3] Plaintiff also claims that the "Other Insurance" clause is applicable, a claim we address, *infra*.

### C. Limit Of Insurance

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident," the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the Limit Of Insurance for Covered Autos Liability Coverage shown in the Declarations.

**ITEM TWO**

**Schedule of Coverages And Covered Autos**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos section of the Business Auto Coverage Form next to the name of the coverage.

| Coverages | Covered Autos | Limit | Premium |
|---|---|---|---|
| Covered Autos Liability | 7 | $500,000 | $1,222 |
| Personal Injury Protection (Or Equivalent No-fault Coverage) | | Separately Stated In each Personal Injury Protection Endorsement Minus $ See ITEM THREE Deductible | |
| Added Personal Injury Protection (Or Equivalent Added No-fault Coverage) | | Separately Stated In Each Added Personal Injury Protection Endorsement | |
| Auto Medical Payments | 7 | $ See ITEM THREE                     Each Insured | $84 |
| Uninsured Motorists | 7 | $500,000 | $70 |
| Underinsured Motorists (When Not Included In Uninsured Motorists Coverage) | 7 | $500,000 | $208 |
| Physical Damage Comprehensive Coverage | 7 | Actual Cash Value Or Cost Of Repair, Whichever is Less, Minus $ See ITEM THREE Deductible For Each Covered Auto, But No Deductible Applies To Loss Caused By Fire Or Lightning<br><br>See Item Four for Hired or Borrowed Autos. | $558 |
| Physical Damage Specified Causes Of Loss Coverage | | Actual Cash Value Or Cost Of Repair, Whichever is Less, Minus $ See ITEM THREE Deductible For Each Covered Auto For Loss Caused By Mischief Or Vandalism<br><br>See Item Four for Hired or Borrowed Autos. | |
| Physical Damage Collision Coverage | 7 | Actual Cash Value Or Cost Of Repair, Whichever is Less, Minus $ ITEM THREE Deductible For Each Covered Auto<br><br>See Item Four for Hired or Borrowed Autos. | $692 |
| Physical Damage Towing And Labor | | $ See ITEM THREE For Each Disablement Of A Private Passenger Auto | |
| | | Tax/Surcharge/Fee | |
| | | Premium For Endorsements | |
| | | *Estimated Total Premium | $2,834 |

*This policy may be subject to final audit.

4

In the section titled "Description Of Covered Auto Designation Symbols[,]"

symbol 7 is defined as:

| | | |
|---|---|---|
| | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described In Item Three). |

## ITEM THREE
### Schedule Of Covered Autos You Own

| Covered Auto No. | Year | Model / Trade Name/ Body Type | Serial No. (S) / Vehicle Identification No. (VIN) | Original Cost New | Actual Cost & NEW (N) or USED (U) | Town & State Where The Covered Auto Will Be Principally Garaged |
|---|---|---|---|---|---|---|
| 1 | 2015 | GMC\CHEVY 4X4 3500 CA | 1GB3KYCG3FZ528493 | $ 33,345 | ACV | FREEBORN, MO,117 |
| 2 | 2014 | CHEVROLET 1500 | 3GCUKSEJ5EG349103 | $ 42,385 | ACV | FREEBORN, MO,117 |
| 3 | 1990 | CHEVROLET 1500 | 1GCDC14N9LZ208740 | $ 10,445 | ACV | FREEBORN, MO,117 |
| 4 | 2007 | GMC\CHEVY 3500 K SERI | 1GBJK34K17E516249 | $ 26,619 | ACV | FREEBORN, MO,117 |

#### Classification

| Covered Auto No. | Radius Of Operation | Business Use s = service r = retail c = commercial | Size GVW, GCW Or Vehicle Seating Capacity | Age Group | Secondary Rating Classification | Code |
|---|---|---|---|---|---|---|
| 1 | 50 | F | 13,400 | 1 | | 211610 |
| 2 | | | | 2 | | 738200 |
| 3 | | | | 12 | | 738200 |
| 4 | 50 | F | 12,000 | 9 | | 211610 |

#### Coverages - Premiums, Limits And Deductibles
(Absence of a deductible or a limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.)

| Covered Auto No. | Covered Autos Liability Limit | Covered Autos Liability Premium | Personal Injury Protection Stated In Each Personal Injury Protection Endorsement Minus Deductible Shown Below | Personal Injury Protection Premium | Added P.I.P Stated In Each Added Personal Injury Protection Endorsement | Auto Medical Payments Limit | Auto Medical Payments Premium |
|---|---|---|---|---|---|---|---|
| 1 | $500,000 | $190 | | | | $5,000 (Each Insured) | $23 |
| 2 | $500,000 | $421 | | | | $5,000 (Each Insured) | $19 |
| 3 | $500,000 | $421 | | | | $5,000 (Each Insured) | $19 |
| 4 | $500,000 | $190 | | | | $5,000 (Each Insured) | $23 |
| | | | | | | (Each Insured) | |
| Total Premium | | | | | | | |

#### Coverages - Premiums, Limits And Deductibles
(Absence of a deductible or a limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.)

| Covered Auto No. | Comprehensive Limit Stated In ITEM TWO Minus Deductible Shown Below | Comprehensive Premium | Specified Causes Of loss Limit Stated In ITEM TWO Minus Deductible Shown Below | Specified Causes Of loss Premium | Collision Limit Stated In ITEM TWO Minus Deductible Shown Below | Collision Premium | Towing & Labor Limit Per Disablement | Towing & Labor Premium |
|---|---|---|---|---|---|---|---|---|
| 1 | $1,000 | $84 | | | $1,000 | $125 | | |
| 2 | $1,000 | $334 | | | $1,000 | $386 | | |
| 3 | $1,000 | $77 | | | $1,000 | $106 | | |
| 4 | $1,000 | $63 | | | $1,000 | $75 | | |
| Total Premium | | | | | | | | |

Payment Plan: DIRECT BILL 4-PAY OPTION
Distribution Code: D
CAD 160 (1-14)

Insured Copy

Date Prepared: NOVEMBER 14, 20'
Operator:   ANIC
Page Number: 3

6

**Analysis**

*Point 1*

Insurer's sole point claims the trial court erred in entering summary judgment for Plaintiff and denying summary judgment for Insurer because the terms of the Columbia Policy clearly and unambiguously provide that the limit of liability for the accident is $500,000. We agree.

Generally, the denial of a motion for summary judgment is not reviewable on appeal. ***Lopez v. American Family Mut. Ins. Co.***, 96 S.W.3d 891, 892 (Mo. App. W.D. 2002). An exception exists, however, when the merits of that motion are inextricably intertwined with the issues in an appealable summary judgment granted in favor of another party. ***Id.*** That exception applies here.

> To determine the coverage provided under an insurance policy, we first look to the insurance contract itself. *Long v. Shelter Ins. Companies,* 351 S.W.3d 692, 701 (Mo.App. W.D.2011). If the insurance contract is unambiguous, we enforce the policy as written. *Id.* "[A]mbiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." *Id.* at 696 (internal quotations omitted). We will apply the plain meaning of words and phrases as they would have been understood by an ordinary person of average understanding when purchasing insurance. *Id.* In reviewing an insurance contract, we are not permitted to distort policy language or "exercise inventive powers" in order to create an ambiguity when none exists. *Hall*[]*,* 407 S.W.3d [at] 607 [].

***Becker v. Allied Prop. & Cas. Ins. Co.***, 422 S.W.3d 434, 437 (Mo. App. E.D. 2013).

> "'Stacking' refers to an insured's ability to obtain multiple insurance coverage benefits for an injury either from more than one policy, as where the insured has two or more separate vehicles under separate policies, or from multiple coverages provided for within a single policy, as when an insured has one policy which covers more than one vehicle." *Niswonger v. Farm Bureau Town & Country Ins. Co. of Missouri,* 992 S.W.2d 308, 313 (Mo.App. E.D.1999) (internal quotations omitted). From this definition of stacking, it necessarily follows that an

7

insured seeking to stack coverages must actually be an insured as to the particular loss under more than one coverage. 12 Couch on Ins. § 169:11. Accordingly, we first address the threshold issue of whether the [] policy provided multiple [] coverages for each of the [] five vehicles, as that issue is dispositive of both. *See id.* ("In any case potentially involving stacked coverages, the initial step for both insured and all potential insurers should be an analysis of whether there are multiple applicable coverages applicable.").

**Id.**

Insurer urges the following reading of the Columbia Policy. Beginning with Section II A. (titled "Coverage") and Section II C. (titled "Limit Of Insurance"), the Columbia Policy clearly states that "the most we will pay for the total of all damages . . . resulting from any one 'accident' is the Limit Of Insurance for Covered Autos Liability Coverage shown in the Declarations." Turning to the Declarations, ITEM TWO (titled "Schedule of Coverages And Covered Autos")," the reader sees the following:

| Coverages | Covered Autos | Limit | Premium |
|---|---|---|---|
| Covered Autos Liability | 7 | $500,000 | $1,222 |

The symbol "7" from ITEM TWO is specifically defined within the Columbia Policy as follows: "Specifically Described 'Autos'" and "Only those 'autos' described in Item Three of the Declarations for which a premium charge is shown []."

Turning to ITEM THREE of the Declarations, the reader sees a table that lists four specifically Covered Autos and assigns each of those specific autos a number from 1 through 4. The table tells the reader, again, that $500,000 is the "Limit" for each of the "Covered Autos Liability" by listing the $500,000 limit next to each numerically-listed, Covered Auto. The applicable portion of ITEM THREE appears as follows:

## ITEM THREE
### Schedule Of Covered Autos You Own

| Covered Auto No. | Year | Model / Trade Name/ Body Type | Serial No. (S) / Vehicle Identification No. (VIN) | Original Cost New | Actual Cost & NEW (N) or USED (U) | Town & State Where The Covered Auto Will Be Principally Garaged |
|---|---|---|---|---|---|---|
| | | | **Description** | | **Purchased** | **Territory** |
| 1 | 2015 | GMC\CHEVY 4X4 3500 CA | 1GB3KYCG3FZ528493 | $ 33,345 | ACV | FREEBORN, MO,117 |
| 2 | 2014 | CHEVROLET 1500 | 3GCUKSEJ5EG349103 | $ 42,385 | ACV | FREEBORN, MO,117 |
| 3 | 1990 | CHEVROLET 1500 | 1GCDC14N9LZ208740 | $ 10,445 | ACV | FREEBORN, MO,117 |
| 4 | 2007 | GMC\CHEVY 3500 K SERI | 1GBJK34K17E516249 | $ 26,619 | ACV | FREEBORN, MO,117 |

### Classification

| Covered Auto No. | Radius Of Operation | Business Use s = service r = retail c = commercial | Size GVW, GCW Or Vehicle Seating Capacity | Age Group | Secondary Rating Classification | Code |
|---|---|---|---|---|---|---|
| 1 | 50 | F | 13,400 | 1 | | 211610 |
| 2 | | | | 2 | | 738200 |
| 3 | | | | 12 | | 738200 |
| 4 | 50 | F | 12,000 | 9 | | 211610 |

### Coverages - Premiums, Limits And Deductibles
(Absence of a deductible or a limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.)

| Covered Auto No. | Covered Autos Liability Limit | Covered Autos Liability Premium | Personal Injury Protection Stated In Each Personal Injury Protection Endorsement Minus Deductible Shown Below | Personal Injury Protection Premium | Added P.I.P Stated In Each Added Personal Injury Protection Endorsement | Auto Medical Payments Limit | Auto Medical Payments Premium |
|---|---|---|---|---|---|---|---|
| 1 | $500,000 | $190 | | | | $5,000 (Each Insured) | $23 |
| 2 | $500,000 | $421 | | | | $5,000 (Each Insured) | $19 |
| 3 | $500,000 | $421 | | | | $5,000 (Each Insured) | $19 |
| 4 | $500,000 | $190 | | | | $5,000 (Each Insured) | $23 |
| | | | | | | (Each Insured) | |
| **Total Premium** | | | | | | | |

### Coverages - Premiums, Limits And Deductibles
(Absence of a deductible or a limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.)

| Covered Auto No. | Comprehensive Limit Stated In ITEM TWO Minus Deductible Shown Below | Comprehensive Premium | Specified Causes Of loss Limit Stated In ITEM TWO Minus Deductible Shown Below | Specified Causes Of loss Premium | Collision Limit Stated In ITEM TWO Minus Deductible Shown Below | Collision Premium | Towing & Labor Limit Per Disablement | Towing & Labor Premium |
|---|---|---|---|---|---|---|---|---|
| 1 | $1,000 | $84 | | | $1,000 | $125 | | |
| 2 | $1,000 | $334 | | | $1,000 | $386 | | |
| 3 | $1,000 | $77 | | | $1,000 | $106 | | |
| 4 | $1,000 | $63 | | | $1,000 | $75 | | |
| **Total Premium** | | | | | | | | |

Payment Plan:DIRECT BILL 4-PAY OPTION
Distribution Code:D
CAD 160 (1-14)                    Insured Copy

Date Prepared: NOVEMBER 14, 2016
Operator:   ANIC
Page Number: 3

Thus, Insurer argues that, when read together, the foregoing sections of the Columbia Policy tell the reader that the most Insurer will pay for damages resulting from any one "accident" is the $500,000 limit for those Covered Autos described in ITEM THREE. ITEM THREE, as shown above, again states the $500,000 limit, making specific reference to each of the numerically-listed Covered Autos.

Plaintiff argues that the "Limit of Insurance" provision is ambiguous because it "does not include language limiting the amount payable in damages to the amount listed in the declarations associated with the specific covered auto involved in 'any one accident.'" Plaintiff's argument "does not ask this court to construe any provision of the policy, but requests this court to write additional terms into the policy." *United States Fid. & Guar. Co. v. Hill*, 722 S.W.2d 609, 611 (Mo. App. W.D. 1986). It has long been the rule in Missouri that "[t]he function of the courts is to construe [contracts], not to make them." *Id.* (internal quotation omitted).

Contrary to Plaintiff's argument, the language actually contained in the Columbia Policy regarding the "Limit Of Insurance" clearly states that "the most we will pay for the total of all damages . . . resulting from any one 'accident' is the Limit Of Insurance for Covered Autos Liability Coverage shown in the Declarations." Turning to that section, ITEM TWO shows the Limit as $500,000 for Covered Autos Liability. ITEM THREE of the Declarations again lists each Covered Auto numerically from 1 through 4 and again shows the $500,000 Limit next to each individually-numbered auto.

Plaintiff argues that an ambiguity exists because ITEM TWO lists a limit of $500,000 – a single limit for covered autos – while ITEM THREE shows what Plaintiff

10

claims to be an "aggregate" limit by listing multiple limits, the sum of which is $2,000,000. We do not agree that an ordinary person of average understanding would read the Columbia Policy as providing an "aggregate" policy limit. The Columbia Policy does not contain the figure $2,000,000, and it does not anywhere direct the reader to "aggregate" (add together) the listed Limit for any of the Covered Autos. As Insurer notes, the Columbia Policy effectively eliminates any possible confusion by listing each Covered Auto numerically and specifically stating for each such vehicle that the coverage Limit is $500,000. When an insurance policy is clear and unambiguous, a court must construe it as written. *Id.*

In *Chandler v. Allied Prop. & Cas. Ins. Co.*, as here, the policy at issue insured several separately-identified vehicles in a single policy. 443 S.W.3d 662, 665 (Mo. App. W.D. 2014). As here, the three vehicles were identified in a table in the policy's declarations page, and an identifying numeral was assigned to each vehicle. *Id.* The limit of liability in that policy –- $50,000 in that case –- was stated in a separate table, using the numeric identifier assigned to each of the three vehicle insured by the policy. *Id.* The "LIMIT OF LIABILITY" provision at issue in *Chandler* was as follows:

> The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability is our maximum limit of liability for all damages for "bodily injury" result [sic] from any one auto accident.

*Id.* at 666. In an argument similar to the one Plaintiff makes here, Chandler argued that

11

an ordinary person would read the [] Declarations and conclude that the Policy's per-person limit of liability for bodily injury is $150,000, a figure she derives by adding together the three numbers listed in the left column of the "Coverage and Limits of Liability" table. She contends that the three $50,000 limits must be aggregated because there is no language in the Declarations stating that specific liability limits apply only to a particular vehicle.

*Id.* The western district of our court rejected that argument, stating that,

> Contrary to Chandler's argument, the Policy plainly and unambiguously specifies that a $50,000 bodily injury limit applies, separately, to each of the three vehicles insured under the Policy. Each figure of $50,000 appears directly adjacent to a vehicle number; those vehicle numbers correspond to the three separate vehicles identified in the Declarations. The evident meaning of the table is that the limits of liability are separately stated, on separate lines, for the three vehicles insured under the Policy; we cannot read this table as creating a single, aggregate limit of liability equally applicable to all three vehicles.

*Id.* (footnote omitted).

We see no meaningful difference between the Columbia Policy and the policy at issue in *Chandler*. The "evident meaning" of the table in ITEM THREE is that the limit of liability is stated separately for each of the four Covered Autos; there is nothing in the Columbia Policy that would cause a reader to believe that those four, separately-stated limits are to be added together to create an "aggregate" limit. *Id.* Further, as in *Chandler*,

> the [Columbia] Policy's "Limit of Liability" section repeatedly refers to the "limit" of liability applicable to a particular coverage, in the singular rather than plural. . . . The use of the singular to refer to the applicable limit of liability is consistent throughout the Policy as a whole . . . Viewed in conjunction with the Declarations, it is clear that the [Columbia] Policy contemplates a *single* limit of liability applicable to each insured vehicle.

*Id.* at 667.

*Chandler* also rejected Plaintiff's argument that the policy's use of the words "[r]egardless of" and "shown" in the Limit of Insurance creates an ambiguity because

these terms are not defined within the policy. *Id.* at 668. ***Chandler*** stated that the phrase "[t]his is the most we will pay regardless of the number of ... [v]ehicles ... shown in the Declarations" simply meant that the stated limit of liability applied "no matter how many different vehicles are identified in the Declarations, [and] the limit of liability for any particular vehicle is not increased simply because that limit of liability is repeated with respect to other vehicles." *Id.*

Plaintiff also contends that section d. of the "Other Insurance" clause creates an ambiguity. That section provides:

> When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

Plaintiff argues that the foregoing clause creates an ambiguity because "[d]epending on the amount of the claim and the relative liability limits of the Columbia [P]olicy and the other insurance, [Insurer]'s liability limit may be different from that shown in the Declarations." While the presence of other insurance may render Insurer's liability less than the limit stated in the Declarations, nothing in this clause – when read in conjunction with the other applicable parts of the Columbia Policy discussed above – would cause an ordinary person of average understanding to believe that the Columbia Policy's liability might be *more* than that stated in the Declarations. *See **Naeger v. Farmers Ins. Co.***, 436 S.W.3d 654, 661 (Mo. App. E.D. 2014) (internal quotation omitted) (definitions, conditions, and exclusions are necessary provisions and enforceable if clear and unambiguous within the context of the policy as a whole).

Finally, we note that all of Plaintiff's arguments for the existence of an ambiguity depend upon coverage that Plaintiff claims is "granted" by the Declarations page. Our high court has made clear that declarations pages "do not grant any coverage" but "are introductory only and subject to refinement and definition in the body of the policy." ***Geico Cas. Co. v. Clampitt***, 521 S.W.3d 290, 293 (Mo. App. E.D. 2017) (quoting ***Owners Ins. Co. v. Craig***, 514 S.W.3d 614, 617 (Mo. banc 2017)). Missouri courts have consistently refused to find an ambiguity between a declarations page and clear anti-stacking mandates located elsewhere in the policy. ***Id.*** at 293-94 (citing ***Midwestern Indem. Co. v. Brooks***, 779 F.3d 540, 543 (8th Cir. 2015)) (applying Missouri law to prohibit stacking; while declarations page listed limits of liability for UIM coverage on five separate vehicles, rest of policy contained clear anti-stacking language).

Here, the Declarations page summary says nothing about stacking, and the actual terms of the Columbia Policy at issue unambiguously prohibit it. Because the Columbia Policy unambiguously provides liability coverage with a per-accident limit of $500,000, the judgment of the trial court is reversed, and the trial court is directed upon remand to enter judgment in favor of Insurer.

DON E. BURRELL, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS